PER CURIAM.
Appellant, a prison inmate, seeks review of an administrative order establishing his tentative release date. Appellant contends the Department has incorrectly computed his “good time,”[1] and that the Department’s revised procedure for computing statutory “gain time”[2] constitutes an impermissible ex post facto law. We affirm the order appealed.
At the time appellant committed his offense the Department awarded statutory “gain time” based on the term of incarceration imposed; the Department’s revised procedure awards such “gain time” based on the term actually served, rather than the sentence which was initially imposed. This revised procedure resulted from the Department’s reinterpretation of the existing statute, § 944.27(1), Florida Statutes (1975). We conclude that this revised procedure is a procedural change which is not constrained by the ex post facto clause of the federal or Florida constitution, and which thus may be applied to release computations for inmates under sentence for offenses committed prior to implementation of the revised procedure. See Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977); Rifai v. U. S. Parole Commission, 586 F.2d 695 *1225 (9th Cir. 1978); but see Love v. Fitzharris, 460 F.2d 382 (9th Cir. 1972), vacated as moot, 409 U.S. 1100, 93 S.Ct. 896, 34 L.Ed.2d 682 (1973).[3] Unlike Love, the present case involves a general release statute, rather than release criteria specifically annexed to the inmate’s offense.
The agency record submitted with this appeal supports the Department’s computation of appellant’s “good time.”
Accordingly, the order appealed is affirmed.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.

. Section 944.29, Florida Statutes (1975).

. Section 944.27(1), Florida Statutes (1975).

. While these cases preceded Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), Weaver involved a substantive statutory change and does not alter the rule announced in the cited cases.