Robert A. KNUCK, Jr.,
Petitioner-Appellee,

v.

Louie L. WAINWRIGHT,
Respondent-Appellant.

No. 84–3297.

United States Court of Appeals,
Eleventh Circuit.

May 6, 1985.

---

Pamela Lutton-Shields, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellant.

Robert A. Knuck, Jr., Sarasota, Fla., pro se.

Before GODBOLD, Chief Judge, HATCHETT, Circuit Judge, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

Louie Wainwright, Director of the Florida Department of Corrections (D.O.C.), appeals from a judgment of the district court granting Robert Knuck's habeas corpus petition. The district court held that a change in the method of calculating gain time for Florida prison inmates violated both the ex post facto and due process clauses of the United States Constitution. Knuck first raised the ex post facto claim in the Florida courts, which held that the recalculation was a procedural change and, therefore, not constrained by the ex post facto clause. *Knuck v. Department of Corrections*, 409 So.2d 1224 (Fla.Dist.Ct. App.), *review denied*, 419 So.2d 1198 (Fla. 1982).

Knuck committed various crimes in October 1975, to which he pled guilty in April 1976. He was sentenced to 15 years in the state penitentiary plus five years probation to begin at the expiration of the prison sentence. Knuck was released on September 1, 1982, after having served approximately seven years in prison. He remains on probation.

The Florida gain time statute, Fla.Stat. § 944.27 (1975), in effect both at the time Knuck committed his crimes and at the time he was sentenced, provided for deductions for gain time from the sentence of every prisoner, provided his conduct was good, according to an established schedule.[1] Pursuant to this statute, the D.O.C.

---

1. The statute provided:
   *Gain time for good conduct; schedule of allowances; cumulative sentences to be treated as one sentence for purposes of allowing and forfeiting.*
   —
   (1) The Director shall grant the following deductions for gain time from the sentences of every prisoner who has committed no infraction of the rules or regulations of the board or the division, or of the laws of the state, and who has performed in a faithful, diligent, industrious, orderly, and peaceful manner, the work, duties, and tasks assigned to him, to wit:
   Five (5) days per month off the first and second years of his sentence;
   Ten (10) days per month off the third and fourth years of his sentence; and
   Fifteen (15) days per month off the fifth and all succeeding years of his sentence; and he shall be entitled to credit for a month as soon as he has served such time as, when

issued regulations which provided that "deductions shall be made from the term of an inmate's sentence." Fla.Admin.Code., Chap. 10B–20.02 (1975). A detailed chart followed, indicating the length of the sentence imposed, the actual time to be served, and the amount of gain time given. Under Knuck's sentence of 15 years, a total gain time figure of 2,340 days was listed.

The consistent practice of the D.O.C. for over 10 years prior to 1979 was to subtract the full amount of gain time shown on the schedule from the sentence imposed by the court. This gain time was given to the inmate as a lump sum when he entered the prison system. Any additional gain time awarded pursuant to any other statute further reduced the inmate's sentence. Pursuant to this policy, Knuck's sentence was initially reduced by 2,340 gain time days.

In 1976 the legislature added the words "on a monthly basis, as earned" to Section 944.27, so that § 1 began: "The [Department] shall grant the following deductions for gain time on a monthly basis as earned from the sentences of every prisoner...." In spite of the new words in the amended law, D.O.C. again recodified the rule authorizing a lump sum calculation in 1977, including a schedule for deductions.

In 1979 the D.O.C. determined that the lump sum method of calculation of gain time was in error because it made gain time dependent on the sentence imposed rather than on the number of days actually served by the inmate. D.O.C. therefore recalculated all inmates' gain time on the basis of the time actually served. As a result of this recalculation, Knuck did not receive approximately one year's worth of gain time that he would have gotten under the former method of calculation.

The key issue on this appeal is whether the district court correctly found that the recalculation of gain time violated the ex post facto clause of the United States Constitution. We hold that it did, and we, therefore, affirm the decision of the district court.

The ex post facto clause, U.S. Const. art. 1, § 10, cl. 1., provides that "no State shall ... pass any ... ex post facto Law." The D.O.C. asserts that the clause by its terms applies only when "the law" has changed. It concedes that if Section 944.27, as it existed in 1975, provided that gain time was to be awarded on the basis of the sentence imposed, rather than the time served, the ex post facto clause would be violated by the change in calculation method. It contends, however, that the statute provided for gain time to be granted monthly, only as earned, and that D.O.C.'s prior practice of awarding lump sum gain time to an inmate upon his entry into the system was contrary to law. Since the lump sum method was contrary to Section 944.27, according to the D.O.C., the change in calculation was not a change in the law, and hence did not implicate the ex post facto clause.

We disagree. We find that Section 944.-27 was sufficiently ambiguous that it reasonably could have been interpreted as the D.O.C. did interpret it for over 10 years to provide for lump sum awarding of gain time. The lump sum interpretation is reasonable first because the statute directs that the department *shall* grant the gain time deductions, indicating that the grant is nondiscretionary. Second, the lump sum interpretation is reasonable because the succeeding section of the statute provides that earned gain time shall be subject to forfeiture for acts specified in the gain time provision. This suggests that all gain time is to be awarded initially and later forfeited only if misbehavior occurs.

The most difficult language to reconcile with the lump sum interpretation is the provision that "he shall be entitled to credit for a month as soon as he has served such time as, when added to the deduction allowable, would equal a month." This language would support a month-by-month awarding of gain time. This merely suggests, however, that such an interpretation of the statute also would not be unreasonable and that the statute is, therefore, am-

added to the deduction allowable, would    equal a month.

biguous. The legislature itself may have recognized the ambiguity of the statute because it amended Section 944.27 in 1976 to indicate that the gain time should be awarded "on a monthly basis as earned."

The lump sum system is a contemporaneous construction of the gain time statute by those charged with the statute's creation. The contemporaneous administrative construction of a statute is entitled to great weight, and courts will not depart from such construction "except for the most cogent reasons, and unless clearly erroneous." *Green v. Stuckey's of Fanning Springs,* 99 So.2d 867, 868 (Fla.1957). *See also Udall v. Tallman,* 380 U.S. 1, 18, 85 S.Ct. 792, 802, 13 L.Ed.2d 616 (1964). Further, the deference due to an agency's statutory construction "is increased where the rule is made pursuant to an express delegation of legislative authority." *Frank Diehl Farms v. Secretary of Labor,* 696 F.2d 1325, 1330 (11th Cir.1983). In this case, the D.O.C. had such an express delegation under Fla.Stat. § 945.21(1)(c) (1975).

Two recent district court cases have held that a change in the method of computing gain time violated the ex post facto clause. In *Spradling v. Maynard,* 527 F.Supp. 398 (W.D.Okla.1981), the court indicated that a state statute adversely changing the computation of good time could not be applied to prisoners who committed crimes before the effective date of the statute. In *Piper v. Perrin,* 560 F.Supp. 253 (D.N.H.1983), the court held that an administrative change from lump sum to month-by-month awarding of gain time violated the ex post facto clause.

In *Weaver v. Graham,* 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981), dealing with a subsequent amendment to the same Florida statute at issue here, the Supreme Court held that two critical elements must be present for a criminal or penal law to be ex post facto: the statute must be retrospective, and it must be disadvantageous to the offender. The first element is met because Knuck's offense occurred in 1975 while the change in interpretation of the law did not occur until 1979.

Second, Knuck is disadvantaged by the additional year he had to spend in prison and would have to spend on probation. The Court in *Weaver* observed that "a law need not impair a 'vested right' to violate the *ex post facto* prohibition." *Id.* "Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice...." *Id.* at 30, 101 S.Ct. at 965. In this case, Knuck had over 10 years notice through the established practice and regulations of the D.O.C. that he would be awarded lump sum gain time.

We therefore affirm the district court's holding that the recalculation of Knuck's gain time violated the ex post facto clause. Because this holding is sufficient to support the court's granting of Knuck's habeas corpus petition, we do not reach the due process issue raised by Knuck. We note that the recalculation may also have violated the equal protection clause if Knuck was treated differently from similarly situated inmates. This issue was not raised by Knuck, however, and we therefore do not reach it. D.O.C.'s motion to dismiss for mootness, heretofore carried with case, is denied.

AFFIRMED.