[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14132

_____

D. C. Docket No. 04-00009-CV-2

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2005
THOMAS K. KAHN
CLERK

JEFFREY A. BROWN,

Petitioner-Appellant,

versus

ROBERT E. McFADDEN, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(July 12, 2005)**

Before ANDERSON, HULL and RONEY, Circuit Judges.

PER CURIAM:

Federal prisoner Jeffrey A. Brown appeals the district court's denial of his

28 U.S.C. § 2241 petition for writ of habeas corpus on the ground that the district

court erroneously interpreted 18 U.S.C. § 3624(b)(1), which states that each

federal prisoner "receive credit toward the service of his sentence, beyond the time

served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term . . ..” He argues that the statute's plain language requires that he earn 54 days credit *for each year he is sentenced to imprisonment* by the sentencing court and not, as the Federal Bureau of Prisons (BOP) has so interpreted, 54 days credit *for each year he actually serves in prison*. We hold that although the plain text of § 3624(b)(1) is ambiguous, the BOP's interpretation of this statute is reasonable, the rule of lenity does not apply, and we therefore affirm the denial of his petition.

In 1989, Brown was sentenced to 20 years' imprisonment based upon a federal drug conviction. His sentence commenced on June 27, 1989. The BOP projects that his release date will be December 22, 2006, if Brown earns all available good conduct time (GCT) until the date he is released. The BOP has derived this release date from using a mathematical calculation method set forth in its Sentence Computation Manual, Program Statement 5880.28. The Program Statement, which is a BOP internal operating guideline, instructs the BOP to award a prisoner .148 days (which is 54/365) for each day a prisoner serves in one of its facilities in excess of one year, subject to the BOP's determination that the prisoner has satisfactorily complied with institutional regulations during that previous year. After each "full year" of imprisonment in one of its institutions, the Program Statement instructs the BOP to recalculate the prisoner's new release

2

date, where the prisoner could receive a maximum of 54 days GCT for that previous year toward his release date.

Brown challenged that calculation method through the BOP's administrative remedy program. In those administrative grievances, he set forth his proposed GCT calculation method. Brown's method takes the total number of years sentenced, 20, multiplies it by 54 days, which then totals the maximum GCT that should have been available to him, 1080 days. Based on Brown's GCT calculation method, he projects that his release date should be August 31, 2006. Brown did not earn 27 days of good time credit because he had violated prison rules during his incarceration, which he does not challenge.

After exhausting all BOP administrative remedies, Brown filed his 28 U.S.C. § 2241 petition in the district court. The magistrate judge recommended, which recommendation the district court summarily adopted, denying the petition reasoning, "it is clear that the language of § 3624 supports the BOP's interpretation of the statute: the calculation of time credit is based upon *time served*." The court then held, "Allowing Petitioner to earn 54 days of good time credit for every year he serves comports with the plain language of 18 U.S.C. § 3624, as interpreted and applied by the BOP."

While the district court's decision that the statute's plain language clearly supports the BOP's interpretation of the statute is arguably correct, *see Moreland v. The Federal Bureau of Prisons*, 363 F. Supp.2d 882, 887 (S.D. Tex. 2005), *Williams v. DeWalt*, 351 F. Supp.2d 412, 420 (D. Md. 2004), we will follow the decisions of the five other circuits that have decided the issue and discussed it thoroughly in unanimous opinions, which all hold that although the language of the statute is ambiguous, the BOP's interpretation of it is reasonable. *See Yi v. Federal Bureau of Prisons*, ___ F.3d ___, 2005 WL 1413897, at *7 (4th Cir. June 17, 2005); *O'Donald v. Johns*, 402 F.3d 172, 174 (3d Cir. 2005)*; Perez-Olivo v. Chavez*, 394 F.3d 45, 52-53 (1st Cir. 2005); *White v. Scibana*, 390 F.3d 997, 1002-03 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1271 (9th Cir. 2001).

Therefore we hold, in this case of first impression in this circuit:

(1) 18 U.S.C. § 3624(b)(1) is ambiguous and does not unambiguously support either argument; that a federal prisoner should get good time credit of 54 days for each year he is sentenced to imprisonment, *or* that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison;

(2) Even though the statute is ambiguous, the BOP's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed; and

(3) The rule of lenity is inapplicable because of the BOP's reasonable interpretation of 18 U.S.C. § 3624(b)(1), *see Yi*, ___ F.3d. ___, 2005 WL 1413897, at * 8; *O'Donald*, 402 F.3d at 174; *Perez-Olivo*, 394 F.3d at 53-54.

**AFFIRMED.**