# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2508

_____

| | | |
|---|---|---|
| Alan Bernitt; John J. Villa, CIV 04-4140; Kenneth Ferguson, CIV 04-4133; Robert J. Kinney, CIV 04-4135; Keith Koski, CIV 04-4136; Matthew Diame Berry, CIV 04-4179; Timothy C. Whitfield, Sr., CIV 04-4126; Odin Dylan Payne, CIV 04-4146; Leroy Young, CIV 04-4161; Dean R. Wiese, CIV 04-4162; Darlis L. Miller, CIV 04-4175; Bobby Dale Smith, CIV 04-4176; Hector Gonzalez, CIV 04-4183; Kurt Cargle, CIV 04-4188; Gary D. Wininger, CIV 04-4189; Billy Joe Worley, Jr., CIV 04-4190; Patrick Sean Freel, CIV 04-4158; Maury Turner, CIV 04-4198; Darren Douglas, CIV 04-4199; Roger Leigh Oehler, CIV 04-4157; Harold Ryan, CIV 04-4214; Everett Smith, CIV 05-4012; Randy Dann, CIV 05-4015; Timothy Wiles Haynes, CIV 05-4026; Robert Leuthauser, CIV 05-4046; Myron R. Tallman, CIV 05-4051, | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | Appeal from the United States District Court for the District of South Dakota.   [PUBLISHED] |
| Appellants, | * * | |
| v. | * * | |
| R. Martinez, | * * | |
| Appellee. | * | |

_____

Submitted: December 22, 2005
Filed: December 28, 2005
_____

Before MELLOY, HANSEN, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Appellants, all inmates at the Yankton Federal Prison Camp in South Dakota, appeal the district court's[1] denial of their consolidated 28 U.S.C. § 2241 habeas petitions, in which they challenge the Bureau of Prisons' (BOP) calculation of their good conduct time (GCT) under 18 U.S.C. § 3624.[2]  Appellants contend that their GCT should be calculated based upon the length of incarceration imposed at sentencing, rather than--as provided by BOP policy, set out at 28 C.F.R. § 523.20 (2005)--based on the time actually served by the inmate.

We conclude that section 3624(b) is ambiguous because it does not clearly indicate whether a prisoner's GCT is based on the time served in prison or the sentence imposed.  Because section 3624(b) is ambiguous, we must defer to the BOP's interpretation if it is reasonable.  See Chevron, U.S.A., Inc. v. Natural Res.

_____

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

[2]Section 3624(b)(1) provides:
[A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [C]redit for the last year or portion of the year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

Def. Council, Inc., 467 U.S. 837, 844-45 (1984). We agree with our sister circuits that the BOP's interpretation of section 3624(b) is reasonable. See Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005) (per curiam) (finding § 3624(b)(1) ambiguous and holding BOP policy of calculating GCT based on actual time served is entitled to deference as it is reasonable); Yi v. Fed. Bureau of Prisons, 412 F.3d 526, 533-34 (4th Cir. 2005) (same); Sample v. Morrison, 406 F.3d 310, 313 (5th Cir. 2005) (per curiam) (same); O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005) (per curiam) (same); Perez-Olivio v. Chavez, 394 F.3d 45, 51-53 (1st Cir. 2005) (same); White v. Scibana, 390 F.3d 997, 999-1003 (7th Cir. 2004) (same), cert. denied, 125 S. Ct. 2921 (2005); Pacheco-Camacho v. Hood, 272 F.3d 1266, 1270-71 (9th Cir. 2001) (same), cert. denied, 535 U.S. 1105 (2002).

Appellants' remaining argument is that, even if section 3624(b) is ambiguous, the district court should have applied the rule of lenity and resolved the ambiguity in their favor. This argument lacks merit. We do not resort to the rule of lenity where, as here, we can otherwise resolve the ambiguity of the statute. See O'Donald, 402 F.3d at 174; Perez-Olivio, 394 F.3d at 53-54.

Accordingly, we affirm the judgment of the district court.

_____