[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14973
Non-Argument Calendar

_____

D. C. Docket No. 05-01913-CV-TWT-1

KIRK WHITTAKER,

Petitioner-Appellant,

versus

G. MALDONADO, JR.,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 28, 2006)

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Petitioner is a serving a 262-month sentence in a federal prison.  He contends that the Bureau of Prison's (BOP) policy of calculating good time credit (GTC) based on the time the prisoner has been incarcerated is contrary to the plain meaning of 18 U.S.C. § 3624(b)(1); instead, the BOP should be calculating GTC based on the time the prisoner is sentenced to serve.  He bought this action under 28 U.S.C. § 2241, hoping to obtain a court order requiring the BOP to calculate GTC based on the time he is sentenced to serve.  The district court dismissed his petition.  He now appeals.  We affirm.

The statute at issue states that

a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b)(1).  The BOP interprets this section to mean that an inmate earns "54 days credit toward service of sentence (good time credit) for each year served."  28 C.F.R. § 523.20(a).

In Brown v. McFadden, 416 F.3d 1271, 1272 (11th Cir. 2005), we decided the claim petitioner presents here.  There, we held the BOP's "interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year

he actually serves in prison [was] reasonable and therefore [was] due to be affirmed."

Brown dictates our decision.

AFFIRMED.