[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14652
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 19, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00093-CV-3-MCR-EMT

REINALDO JIMENEZ-PEREZ,

Petitioner-Appellant,

versus

WARDEN DONALD BAUKNECHT,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 19, 2006)**

Before DUBINA, CARNES AND HULL, Circuit Judges

PER CURIAM:

Reinaldo Jimenez-Perez (Jimenez), proceeding <u>pro se</u>, appeals the district

court's denial of his 28 U.S.C. § 2241 petition for writ of habeas corpus. We affirm.

We review a denial of habeas relief under § 2241 de novo. Skinner v. Wiley, 355 F.3d 1293, 1294 (11th Cir. 2004). Jimenez contends that the Bureau of Prisons has incorrectly interpreted 18 U.S.C. § 3624(b)(1), which sets forth guidelines for awarding service of sentence credits for good behavior. It provides:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . .

18 U.S.C. § 3624(b)(1) (emphasis added).

According to the BOP's interpretation of 18 U.S.C. § 3624(b)(1), "term of imprisonment" means time actually served. Therefore, an inmate may earn good conduct time (GCT) credits based only on the time actually served and not on the sentence imposed.

In Brown v. McFadden, 416 F.3d 1271 (11th Cir. 2005), we considered precisely the same argument that Jimenez makes here. Id. Brown involved a prisoner's challenge to the BOP's interpretation of § 3624 based on the argument that GCT should be calculated based on the length of the sentence imposed. Id.

2

Although we noted that the district court was "arguably correct" in finding that the plain language of § 3624 supported the BOP's interpretation, we elected to follow the decisions of other circuits. Id. at 1273. Those decisions held that the language of § 3624 is ambiguous, but the BOP's interpretation is reasonable. Id. These were our holdings:

> (1) 18 U.S.C. § 3624(b)(1) is ambiguous and does not unambiguously support either argument; that a federal prisoner should get good time credit of 54 days for each year he is sentenced to imprisonment, or that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison;
>
> (2) Even though the statute is ambiguous, the BOP's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed; and
>
> (3) The rule of lenity is inapplicable because of the BOP's reasonable interpretation of 18 U.S.C. § 3624(b)(1).

Id. (citations omitted).

Jimenez contends that we should reconsider Brown in light of the Supreme Court's decisions in Clark v. Martinez, 543 U.S. 371, 125 S. Ct. 716,(2005), and Leocal v. Ashcroft. 543 U.S. 1, 125 S. Ct. 377, 160 (2004). "Under the prior panel rule, we are bound by the holdings of earlier panels unless and until they are clearly overruled en banc or by the Supreme Court." Swann v. S. Health Partners, Inc., 388 F.3d 834, 837 (11th Cir. 2004). The prior panel rule applies here because

3

Brown has not been overruled by an en banc panel or by the Supreme Court. See id. Clark and Leocal were decided before Brown and cannot overrule it.

Also, Clark and Leocal do not specifically address the issues raised by this appeal. See Leocal, 543 U.S. at 12 n.8, 8–13, 125 S. Ct. at 384; Clark, 543 U.S. at 380, 125 S. Ct. at 724. Therefore, Brown controls, and we affirm the district court.

**AFFIRMED.**