[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15137
Non-Argument Calendar

_____

D. C. Docket No. 04-00150-CV-5-SPM-AK

YRAIDA LEONIDES GUANIPA,

Petitioner-Appellant,

versus

CARLYLE HOLDER,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 26, 2006)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner Yraida Leonides Guanipa appeals the district court's denial

of her petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241,

challenging the Bureau of Prisons' (BOP's) method of calculating good time credits under 18 U.S.C. § 3624.[1] Guanipa asserts 18 U.S.C. § 3624 should be interpreted to require calculation of good time credits on the basis of the sentence imposed and not on the basis of time served. Guanipa contends: (1) we should reconsider our decision in *Brown v. McFadden*, 416 F.3d 1271 (11th Cir. 2005), which upheld the BOP's time served interpretation of 18 U.S.C. § 3624; (2) *Brown* is distinguishable because, due to her lack of notice of 28 C.F.R. § 523.20,[2] the rule of lenity should apply in her case; and (3) *Brown* is distinguishable because it does not address the issue of whether the retroactive application of the BOP's interpretation violated the *Ex Post Facto* Clause. The district court did not err, and we affirm.

## I. STANDARD OF REVIEW

We review the denial of relief under 28 U.S.C. § 2241 de novo. *Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000).

---

[1] Section 3624 provides a prisoner who is serving more than one year of imprisonment "may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . . ."

[2] 28 C.F.R. § 523.20 calculates good time credit based on time actually served, not the total sentence.

## II. DISCUSSION

A. *Reconsideration of* Brown

We cannot reach a result contrary to a prior panel's decision unless that decision is inconsistent with an earlier decision. *Hurth v. Mitchem*, 400 F.3d 857, 862 (11th Cir. 2005).

> While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point. *See Florida League of Professional Lobbyists, Inc. v. Meggs*, 87 F.3d 457, 462 (11th Cir.1996) ("[W]e are not at liberty to disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled, by the Supreme Court.") "Without a *clearly contrary* opinion of the Supreme Court or of this court sitting en banc, we cannot overrule a decision of a prior panel of this court . . . ." *National Labor Relations Board v. Datapoint Corp.*, 642 F.2d 123, 129 (5th Cir. Unit A Apr.1981) (emphasis added).

*Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003).

We lack the authority to overrule *Brown*. Contrary to Guanipa's assertion, *Gonzales v. Oregon*, 126 S. Ct. 904 (2006), is not clearly on point because, in *Gonzales*, the Attorney General lacked the authority to issue the rule prohibiting doctors from prescribing regulated drugs for use in physician-assisted suicide. *Id.* at 925. In contrast, the BOP has the implied statutory authority to construe 18 U.S.C. § 3624(b)(1). *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 534 n.5 (4th Cir.

2005); *Perez-Olivo v. Chavez*, 394 F.3d 45, 52 (1st Cir. 2005); *White v. Scibana*, 390 F.3d 997, 1001 (7th Cir. 2004), *cert. denied sub nom. White v. Hobart*, 125 S. Ct. 2921 (2005).

B. *Rule of Lenity*

In *Brown*, we found the rule of lenity inapplicable because the BOP's interpretation was reasonable. *Brown*, 416 F.3d at 1273. As explained in the cases we cited in *Brown*, deference to the BOP's interpretation foreclosed an inquiry into whether the rule of lenity required an interpretation in the prisoners' favor. *Yi*, 412 F.3d at 535; *O'Donald v. Johns*, 402 F.3d 172, 174 (3d Cir. 2005), *pet. for cert. filed* (Jan. 3, 2006) (05-8504); *Perez-Olivo*, 394 F.3d at 53-54.

In *Brown*, the issue of notice for the purposes of applying the rule of lenity is never reached. Therefore, that Guanipa was sentenced before the enactment of 28 C.F.R. § 523.20 does not provide a basis on which to distinguish this case from *Brown*.

C. Ex Post Facto *Clause*

To prevail on an *ex post facto* claim, a party must demonstrate (1) the law was retrospective, in that it applied to events occurring before its enactment, and (2) she was disadvantaged by it. *United States v. Abraham*, 386 F.3d 1033, 1037 (11th Cir. 2004), *cert. denied*, 126 S. Ct. 417 (2005). In *Knuck v. Wainwright*, 759

4

F.2d 856, 858 (11th Cir. 1985), we held a change in an agency's interpretation of an ambiguous statute violated the *Ex Post Facto* Clause. Knuck pled guilty in April 1976 to crimes he committed in October 1975. *Id.* at 857. For ten years prior to 1979, the Florida Department of Corrections (DOC) interpreted the gain time statute to provide for the award of gain time on the basis of the sentence imposed. *Id.* at 857-58. In 1976, the statute was amended, and in 1979, the DOC determined its calculation method was in error because it did not impose gain time on the basis of time served. *Id.* at 858. The DOC then recalculated Knuck's gain time. *Id.* We rejected the DOC's argument there was no *ex post facto* violation because the law (i.e. the statute) had not changed, and held this recalculation was an *ex post facto* violation because the gain time statute was ambiguous, the DOC's original interpretation was reasonable, and Knuck "had over 10 years notice through the established practice and regulations of the D.O.C. that he would be awarded lump sum gain time." *Id.* at 858-59.

Although the parties dispute whether 28 C.F.R. § 523.20 was applied to Guanipa, assuming that it was, she cannot prevail on her *ex post facto* claim. Like the statute in *Knuck*, 18 U.S.C. § 3642(b)(1) is ambiguous. *Brown*, 416 F.3d at 1273. However, unlike the changed interpretation in *Knuck*, Guanipa concedes the "BOP had consistently construed 18 U.S.C. § 3624(b)(1) against [her]

5

interpretation both before and after [she] committed her offense in 1996." Based on this concession, Guanipa was not disadvantaged by 28 C.F.R. § 523.20.

## III. CONCLUSION

There are no grounds for this Court to overrule the *Brown* decision. Additionally, the rule of lenity does not apply and there is no *ex post facto* violation. Accordingly, we affirm the district court's denial of Guanipa's 28 U.S.C. § 2241 petition.

AFFIRMED.