# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2932

_____

United States of America,

    Appellee,

  v.

Terry D. Nading,

    Appellant.

\*
\*
\*
\* Appeal from the United States
\* District Court for the Western
\* District of Missouri.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: May 22, 2007
Filed: May 30, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

  Terry Nading appeals the 24-month prison sentence the district court[1] imposed upon revoking his supervised release. We affirm.

  Nading originally pleaded guilty to conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841 (a Class B felony), and was sentenced to 169 months in prison and 5 years of supervised release. See 21 U.S.C. § 841(b)(1)(B)

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

(40-year maximum prison term); 18 U.S.C. § 3559(a)(3) (offense classification). He began serving his supervised release in August 2004, and was arrested for violating his release conditions in late 2005 after several of his sweat patch tests were positive for methamphetamine use. At a July 2006 revocation hearing, Nading conceded the positive sweat patches, but he denied any drug use, though he could not explain the test results. The district court--aware of the recommended Guidelines imprisonment range of 7-14 months--reviewed Nading's criminal history and his conduct on supervised release; stated that it had considered 18 U.S.C. § 3553; and sentenced Nading to 24 months in prison, with no further supervised release term.

We hold that the district court did not clearly err in its findings or abuse its discretion in revoking Nading's supervised release. See United States v. Meyer, No. 06-2961, 2007 WL 1201880, at *3-*4 (8th Cir. Apr. 25, 2007) (standard of review; sweat patch results are "generally reliable"; noting there may be instances where offenders "offer compelling reasons" to doubt positive test results, but rejecting offender's unsupported explanation). We further hold that the 24-month sentence was not unreasonable: the sentence was within statutory limits, see 18 U.S.C. § 3583(e)(3), and was based upon the district court's consideration of appropriate factors under 18 U.S.C. § 3553(a), see United States v. Tyson, 413 F.3d 824, 825-26 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220 (2005); sentence in excess of recommended Guidelines range which was grounded in concerns regarding defendant's past behavior was not unreasonable); United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005) (although Guidelines recommended 8-14 months, 24-month revocation sentence was not abuse of discretion where transcript showed court was aware of defendant's multiple violations and of Guidelines range and statutory maximum).

Finally, we reject as meritless Nading's remaining arguments: there is no mention in the record of any sentencing agreement between Nading and the probation

office; the record reflects that the district court was aware of Nading's personal circumstances; the policy statements in Chapter 7 are not binding on the district court and thus are not laws within the meaning of the Ex Post Facto Clause, see United States v. Levi, 2 F.3d 842, 845 (8th Cir. 1993); time spent in a residential community center is not "official detention" for purposes of sentencing credit, see Moreland v. United States, 968 F.2d 655, 657-660 (8th Cir. 1992); and we have upheld the Bureau of Prisons method of calculating good-conduct time, see Bernitt v. Martinez, 432 F.3d 868, 869 (8th Cir. 2005) (per curiam).

Accordingly, we affirm. Counsel's motion to withdraw is granted.

_____