United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40698
Summary Calendar

BRANDON CREIGHTON SAMPLE,

Petitioner-Appellant,

versus

MARVIN MORRISON, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-455-RC-WCR
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In 2001, Brandon Creighton Sample, now a federal prisoner
(# 33939-037), pleaded guilty to money laundering and other
offenses and was sentenced to a total of 168 months in prison.
He allegedly has been in custody since May 28, 2000. Sample
filed the instant 28 U.S.C. § 2241 habeas petition asserting that
the Bureau of Prisons ("BOP") is calculating his good time credit
in a manner contrary to 18 U.S.C. § 3624(b). He argued that the
statute requires that a prisoner be awarded "54 days" of credit
for each year of his prison term, as imposed by the court,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whereas the BOP is computing such credit based on each year served, which will allegedly result in his receiving 98 fewer days of good time credit over the course of his prison term. The district court denied Sample relief, concluding that the BOP's regulatory construction of any ambiguity in 18 U.S.C. § 3624(b) was permissible under the standard of Chevron U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). See 28 C.F.R. § 523.20.

Whether Sample's sentence is computed on the basis of the BOP's interpretation of 18 U.S.C. § 3624(b) or his own, Sample will not be eligible for release before 2012. Moreover, the statute makes clear that good time credit must be earned by a prisoner on an annual basis; it is not awarded in advance. See 18 U.S.C. § 3624(b). Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies." U.S. CONST. art. III, § 2. In order to give meaning to Article III's case-or-controversy requirement, the courts have developed justiciability doctrines, such as the standing and ripeness doctrines. United Transp. Union v. Foster, 205 F.3d 851, 857 (5th Cir. 2000); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Since standing and ripeness are essential components of federal subject-matter jurisdiction, the lack of either can be raised at any time by a party or by the court. Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan, 883 F.2d 345, 348 (5th Cir. 1989); see also Cinel v.

Connick, 15 F.3d 1338, 1341 (5th Cir. 1994). "Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 807-08 (2003) (citation omitted).

Given the temporally distant and speculative nature of Sample's claim, his allegations do not establish that "he 'will sustain immediate injury' and 'that such injury would be redressed by the relief requested.'" See Cinel, 15 F.3d at 1341 (citation omitted). Accordingly, we conclude that Sample's 28 U.S.C. § 2241 petition is not ripe for review, and we DISMISS the instant appeal for lack of subject-matter jurisdiction.

Even if we were to assume arguendo that we have subject-matter jurisdiction, we would conclude that the district court did not err in denying Sample's 28 U.S.C. § 2241 petition. Issues of statutory interpretation are reviewed de novo. See United States v. Santos-Riviera, 183 F.3d 367, 369 (5th Cir. 1999). The appropriate starting point when interpreting any statute is its plain meaning. See United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242 (1989). "In ascertaining the plain meaning of the statute, the court must look to the

particular statutory language at issue, as well as the language and design of the statute as a whole." K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 291 (1988).

Section 3624(b)(1), 18 U.S.C., reads in its entirety as follows:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

(emphasis added).[**]

---

[**] Section 3624(b)(2), to which subsection (b)(1) refers three times, merely states that, "[n]otwithstanding any other law, credit allowed under this subsection after the date of enactment of the Prison Litigation Reform Act [in 1996] shall vest on the date the prisoner is released from custody."

We disagree with Sample's contention that the "plain language" of 18 U.S.C. § 3624(b)(1) requires that his good time credit be computed in a manner that would award him "54 days" for each year of his "term of imprisonment" based on the "sentence actually imposed by the sentencing judge." It is plain from the statute that an inmate must earn good time credit; the statute grants the BOP itself the power to determine whether or not, during a given year, the inmate has complied with institutional disciplinary rules. Good time credit thus is not awarded in advance, and any entitlement to such credit for future years is speculative at best. The statute also plainly states that a prisoner cannot earn any good time credit until he has served at least one year of his prison term. At that time, and thereafter "at the end of each year" of the inmate's prison term, he "may" be awarded "up to 54 days" of good time credit. The plain effect of such annual awards is to reduce an inmate's prison term incrementally while he is serving it. For instance, if Sample were to receive annual awards of 54 days of credit until 2012, his sentence by that time would be several hundred days shorter than the 168-month term imposed by the court. The statute, however, contains no language that would permit him to receive additional good time credit based on the original prison term "as imposed" by the court, and it provides no method for computing such credit.

If this statutory language does not "plainly" support the BOP's computation method, then it is at worst ambiguous. If the statute is ambiguous, deference to the BOP's interpretation thereof is required by <u>Chevron</u>. At least two sister circuits have so held, and they have concluded that the BOP's interpretation was permissible. <u>See</u> <u>White v. Scibana</u>, 390 F.3d 997, 1002-03 (7th Cir. 2004); <u>Pacheco-Camacho v. Hood</u>, 272 F.3d 1266, 1270-71 (9th Cir. 2003). We agree with the reasoning of <u>White</u> and <u>Pacheco-Camacho</u>. Accordingly, even if were to conclude that the case is ripe for review, we would affirm the judgment of the district court.

Sample's pro se motion for appointment of counsel is DENIED as moot because he is now represented by pro bono counsel.

DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION; MOTION DENIED.