United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40902
Summary Calendar
_____

JOE ALLAN BOUNDS,

Petitioner-Appellant,

versus

CONSTANCE REESE, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-586-TH-WCR
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joe Allan Bounds, federal inmate # 18363-077, is serving a 324-month sentence for convictions of conspiracy to manufacture phenylacetone and methamphetamine, manufacture of phenylacetone and methamphetamine, and possession of a firearm by a convicted felon. Bounds filed an application under 28 U.S.C. § 2241 challenging the manner in which the Bureau of Prisons (BOP) calculates the amount of good-time credits received during the term of incarceration. The district court dismissed the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application.  Subsequently, Bounds filed a motion pursuant to FED. R. CIV. P. 60(b)(6), arguing that he should be relieved from the judgment denying his application due to extraordinary circumstances.  The district court denied the motion, and Bounds filed an appeal with this court.

Bounds brief on appeal fails to address the district court's denial of his Rule 60(b)(6) motion, instead focusing entirely on the merits of his underlying 28 U.S.C. § 2241 claim.  We lack jurisdiction to review the denial Bounds' underlying action because he failed to file a timely notice of appeal from that judgment.[1]  Dison v. Whitley, 20 F.3d 185, 186 (5th Cir. 1994).  Our jurisdiction is limited to the question of whether the district court abused its discretion in denying Bounds' Rule 60(b) motion.  Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).  Because Bounds fails to demonstrate that the district court abused its discretion in denying the motion, the court's judgment is AFFIRMED.

Bounds also filed a motion to supplement the record with the BOP's program statement.  Because Bounds has failed to show that the district court abused its discretion in denying his Rule

---

[1]  We note, however, that we rejected a similar challenge to the BOP's method of calculating good time credit in the recent decision, Sample v. Morrison, 406 F.3d 310, 312-13 (5th Cir. 2005).  We determined that the plain language of 18 U.S.C. § 3624(b) supports the BOP's method of calculating good time credit.  Id. at 313.  Alternatively, we concluded the statute is ambiguous and that the BOP's interpretation is entitled to deference pursuant to Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).  Id.

60(b) motion, it is unnecessary to supplement the record with the requested document.  The motion is DENIED.