CARL E. STEWART, Circuit Judge,
specially concurring:
I concur in the panel majority judgment which reverses the district court’s grant of Moreland’s petition for habeas corpus. I disagree, however, with that part of the panel majority’s analysis that relates to its conclusion that 18 U.S.C. § 3624(b) is unambiguous. I would reverse the district court’s grant of habeas relief for the following reasons.
First, the decisions of the district court and magistrate judge are carefully reasoned. Even though I concur in reversing the judgment granting habeas relief to Moreland, I find that the district court’s reading of § 3624(b) is both principled and reasonable. Secondly, even though not binding precedent, at least two panels within this circuit have noted that the language of § 3624(b) supports the BOP’s method of calculating good time credit or, “[alternatively, ... is ambiguous and that the BOP’s interpretation is entitled to deference pursuant to Chevron U.S.A., Inc. v. *190 Natural Res. Def. Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).” Bounds v. Reese, 145 Fed.Appx. 863, n. 1 (5th Cir.2005) (citing Sample v. Morrison, 406 F.3d 310, 312-13 (5th Cir. 2005)). Thus, there are at least two reasonable interpretations of this statutory language. I join a number of judges from our sister circuit courts of appeals, and the district judge and magistrate judge below, in concluding that the pertinent statutory language is ambiguous.
When a court reviews an agency’s construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency’s answer is based on a permissible construction of the statute.
Chevron, 467 U.S. at 842-843, 104 S.Ct. 2778 (footnotes omitted). Congress has not addressed the precise question at issue, namely which of these two plausible calculations is intended by this language that attributes to the phrase “term of imprisonment” more than one definition within a single sentence and within a single subsection of § 3624. Cf. Perez-Olivo v. Chavez, 394 F.3d 45, 50-51 (1st Cir.2005) (concluding that neither the statute’s language nor its legislative history indicates whether Congress intended to calculate good time credit based on “time served” or “sentence imposed”). Therefore, under Chevron, the only question presented herein is whether the BOP’s calculation is based on a permissible construction of § 3624(b).[1]
Rather than hinge reversal of the district court’s judgment upon whether this ambiguity is dissolved by the context of the words, I would uphold the BOP interpretation of the statute because it is one of at least two reasonable interpretations of § 3624(b). See Sample v. Morrison, 406 F.3d 310, 313 (5th Cir.2005) (finding in dicta that “the plain effect” of the annual, discretionary, award of good time credit contemplated by § 3624(b) is consistent with the BOP’s interpretation of the statute). See also Perez-Olivo, 394 F.3d at 52-53; O’Donald v. Johns, 402 F.3d 172, 174 (3d Cir.2005); Yi, 412 F.3d at 534; White, 390 F.3d at 1003; Pacheco-Camacho, 272 F.3d at 1272; Brown, 416 F.3d at 1273 (each finding reasonable the BOP’s interpretation of § 3624(b)). Perez-Olivo discusses in some detail the different meanings that the phrase “term of imprisonment” has within § 3624 and examines whether the statute’s legislative history casts light upon Congress’ intent about the calculation at bar. As noted in Perez-Olivo, 394 F.3d at 51-52, regarding the calculation urged by Moreland, virtually every other court of appeals that has visited this issue “has found that ‘term of imprisonment’ is ambiguous as used in § 3624(b)(1) and has upheld the BOP’s *191 interpretation of that term as meaning ‘time served.’ ”
I agree with our sister circuits that found ambiguous the § 3624(b) language and that found applicable Chevron’s deference. See Perez-Olivo v. Chavez, 394 F.3d 45, 51 (1st Cir.2005); O’Donald v. Johns, 402 F.3d 172, 174 (3d Cir.2005); Yi v. Fed. Bureau of Prisons, 412 F.3d 526, 533 (4th Cir.2005); White v. Scibana, 390 F.3d 997, 1002-03 (7th Cir.2004); Pacheco-Camacho v. Hood, 272 F.3d 1266, 1270-71 (9th Cir. 2001); Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir.2005) (each finding § 3624(b) ambiguous under step one of Chevron). See also Chevron, 467 U.S. at 842-43, 104 S.Ct. 2778 (stating rule of deference to agency’s administrative interpretation of ambiguous statutory language, in the absence of clear congressional intent regarding the precise issue at bar). Unlike the other courts that have addressed this issue, the courts below violated Chevron when they chose Moreland’s interpretation of this ambiguous statute over the reasonable interpretation of the BOP. For this reason, I specially concur in the judgment which reverses the grant of habeas corpus relief to Moreland.

. The rule of lenity is not applicable to this question. See Sash v. Zenk, 428 F.3d 132, 134-36, 2005 WL 2766782, *2-*3 (2nd Cir. 2005) (finding that the purposes of the rule of lenity are not implicated by this question because § 3624(b) is administrative and not criminal in nature).