**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-40954
Summary Calendar

_____

RAMON ORNELAS,

                                        Petitioner-Appellant,

versus

WARDEN DAVID JUSTICE,

                                        Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:05-CV-49
---------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Petitioner-Appellant Ramon Ornelas, federal prisoner # 84960-079, pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine and was sentenced to 262 months of imprisonment. Ornelas appeals the district court's denial of his 28 U.S.C. § 2241 petition challenging the Bureau of Prisons's (BOP) method of calculating his good time credit under 18 U.S.C. § 3624(b). Ornelas contends that the BOP has incorrectly interpreted § 3624(b) and that he is entitled to earn 54 days of good time credit per year, based on his term of imprisonment.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Ornelas is proceeding under § 2241, he is not required to obtain a certificate of appealability (COA) to proceed on appeal. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). In Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005), we held that we lacked subject-matter jurisdiction over the appeal of a prisoner's § 2241 petition that, like Ornelas's, alleges that the BOP was miscalculating his good time credit under § 3624(b). We concluded that the prisoner, who was not yet eligible for release from prison, did not establish that he would sustain immediate injury that could be redressed by the relief requested. As such, his petition was not ripe for review. Id.

Ornelas requests the same form of relief as the petitioner in Sample. Irrespective of whether Ornelas's sentence is computed on the basis of the BOP's interpretation of § 3624(b) or on the basis of his own interpretation, Ornelas is not entitled to release from prison. Thus, like the petitioner in Sample, Ornelas's petition is not ripe for review. Accordingly, we dismiss for lack of subject-matter jurisdiction. Moreover, even if Ornelas's request for relief were not premature, his argument would be foreclosed by Moreland v. Federal Bureau of Prisons, 431 F.3d 180, 186 (5th Cir. 2005), cert. denied, 126 S. Ct. 1906 (2006).

APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.