United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 06-60896
Conference Calendar

————————————

TERRENCE PAUL ROBINSON,

Petitioner-Appellant,

versus

CONSTANCE REESE,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:05-CV-83
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Terrence Paul Robinson, federal prisoner # 18408-018, was convicted of conspiracy to import and importation of cocaine. Robinson appeals the district court's denial of his 28 U.S.C. § 2241 petition challenging the Bureau of Prisons's (BOP) method of calculating his good time credit under 18 U.S.C. § 3624(b). Robinson contends that the BOP has incorrectly interpreted § 3624(b) and that he is entitled to earn 54 days of good time credit each year based on his term of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005), this court held that it lacked subject matter jurisdiction over the appeal of a prisoner's § 2241 petition, wherein the petitioner, like Robinson, argued that the BOP was miscalculating his good time credit under § 3624(b).  The court concluded that the petitioner, who was not yet eligible for release from prison, did not establish that he would sustain immediate injury that could be redressed by the relief requested such that the petition was not ripe for review.  Id.

Robinson requests the same form of relief as the petitioner in Sample.  However, whether Robinson's sentence is computed on the basis of the BOP's interpretation of § 3624(b) or his own, he is not entitled to release.  Thus, like the petitioner in Sample, Robinson's petition is not ripe for review, and the instant appeal is dismissed for lack of subject matter jurisdiction.  See Sample, 406 F.3d at 312.  Moreover, even if Robinson's request for relief were not premature, his argument would be foreclosed under present law by Moreland v. Federal Bureau of Prisons, 431 F.3d 180, 186 (5th Cir. 2005), cert. denied, 126 S. Ct. 1906 (2006).

APPEAL DISMISSED.