# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 06-10727

ONEBEACON INSURANCE COMPANY, as Assignee of Potomac Insurance
Company of Illinois

Plaintiff - Appellee

v.

DON'S BUILDING SUPPLY INC

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas, Dallas

Before KING, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:

Plaintiff-appellee OneBeacon Insurance Company (OneBeacon) sought a declaration that it had no duty to defend or indemnify its insured, defendant appellant Don's Building Supply, Inc. (DBS), in twenty-two lawsuits that various homeowners have filed against DBS and other defendants. DBS requested a defense from OneBeacon under three occurrence-based commercial general liability insurance policies (CGL policies) issued to DBS by Potomac Insurance Company of Illinois and assigned by Potomac to OneBeacon. As we explained in our initial consideration of this appeal, the central question before the district court was whether the property damage described in the underlying suits is alleged to have occurred within the respective policy periods such that

OneBeacon's duty to defend DBS was triggered under the CGL policies.  See

OneBeacon Ins. Co. v. Don's Bldg. Supply, Inc., 496 F.3d 361, 363 (5th Cir. 2007).

To resolve this question, the court had first to identify the time at which Texas

law deems property damage to occur for purposes of a CGL policy.  The district

court granted summary judgment to OneBeacon, determining that it was bound

by Fifth Circuit precedent holding that "property damage 'occurs' within the

meaning of a CGL policy [under Texas law] . . . when the damage becomes

manifest or identifiable."  Guar. Nat'l Ins. Co. v. Azrock Indus. Inc., 211 F.3d

239, 246-47 (5th Cir. 2000); see also Am. Home Assurance Co. v. Unitramp Ltd.,

146 F.3d 311, 313 (5th Cir. 1998).

Concluding that this case involved important and determinative questions

of Texas law as to which there was no controlling Texas Supreme Court

precedent, we certified two unresolved questions to the Supreme Court of Texas:

> 1. When not specified by the relevant policy, what is the proper rule under Texas law for determining the time at which property damage occurs for purposes of an occurrence-based commercial general liability insurance policy?
>
> 2. Under the rule identified in the answer to the first question, have the pleadings in lawsuits against an insured alleged that property damage occurred within the policy period of an occurrence-based commercial general liability insurance policy, such that the insurer's duty to defend and indemnify the insured is triggered, when the pleadings allege that actual damage was continuing and progressing during the policy period, but remained undiscoverable and not readily apparent for purposes of the discovery rule until after the policy period ended because the internal damage was hidden from view by an undamaged exterior surface?

OneBeacon, 496 F.3d at 366.  The Supreme Court of Texas has answered the

certified questions.  In response to the first question and addressing the CGL

policies at issue here, the Supreme Court held that:

> property damage under this policy occurred when actual physical damage to the property occurred.  The policy says as much, defining property damage as "[p]hysical injury to tangible property," and

2

explicitly stating that coverage is available if and only if "'property damage' occurs during the policy period." So in this case, property damage occurred when a home that is the subject of an underlying suit suffered wood rot or other physical damage. The date that the physical damage is or could have been discovered is irrelevant under the policy.

Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co., 267 S.W.3d 20, 24 (Tex. 2008) (alteration in original). In response to the second question, the Supreme Court held that:

> the insurer's duty to defend DBS depends on whether the homeowners' pleadings allege property damage that occurred during the policy term. Under the actual-injury rule applicable to this policy, a plaintiff's claim against DBS that any amount of physical injury to tangible property occurred during the policy period and was caused by DBS's allegedly defective product triggers OneBeacon's duty to defend. This duty is not diminished because the property damage was undiscoverable, or not readily apparent or "manifest," until after the policy period ended. Nor does it depend on whether DBS has a valid limitations defense.

Id. at 31-32 (footnote omitted).

The effect of the answers provided by the Supreme Court of Texas to our certified questions is to overrule Unitramp and the relevant portion of Azrock. Because the district court relied on Azrock and Unitramp, we REVERSE the district court's judgment and REMAND this case for further proceedings consistent with this opinion. Costs shall be borne by OneBeacon.