# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2010

Charles R. Fulbruge III
Clerk

No. 09-10735
Summary Calendar

BRENDA LEE FORD,

Petitioner-Appellant

v.

WARDEN ELAINE CHAPMAN, Federal Medical Center-Carswell,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No.4:09-CV-145

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Brenda Lee Ford, federal prisoner # 26255-077, was sentenced to a 324-month term of imprisonment following a 1995 conviction for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. Ford has appealed the district court's dismissal of her 28 U.S.C. § 2241 petition challenging the method used by the Bureau of Prisons (BOP) to compute the good time credit against her sentence authorized by 18 U.S.C. § 3624(b).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Regardless whether Ford's sentence is computed on the basis of the BOP's interpretation of § 3624(b) or her own, Ford's release is not imminent.  In light of the "temporally distant and speculative nature of [Ford's] claim," she has failed to establish an "immediate injury" that would be redressed by the relief that she seeks.  *See Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005).  We conclude that Ford's § 2241 petition is not ripe for review,[1] and we dismiss the appeal for lack of subject matter jurisdiction.

APPEAL DISMISSED.

---

[1] Under our case law, 18 U.S.C. § 3624(b) "makes clear that good time credit must be earned by a prisoner on an annual basis; it is not awarded in advance." *Sample*, 406 F.3d at 312.  Accordingly, a case alleging loss of good time credit becomes ripe when the alleged accrued credit creates an "immediate injury" to the prisoner that this court could redress.