REVISED JUNE 6, 2012

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2012

Lyle W. Cayce
Clerk

No. 10-31150

_____

In Re: In The Matter of the Complaint of Jillian Morrison, L.L.C., Et Al, as
Owners and Operators of the M/V Jillian Morrison, for Exoneration from or
Limitation of Liability

Jillian Morrison, L.L.C.; Et Al,

      Petitioners

v.

William Sonia, etc.; Et Al

      Claimants

-------------------------------------------------------------------------------

TRANSCANADA USA SERVICES, INCORPORATED,

      Plaintiff - Appellant Cross-Appellee

v.

KESTREL ENGINEERING, INCORPORATED; HARTFORD LLOYDS
INSURANCE COMPANY,

      Defendants - Appellees Cross-Appellants

Appeals from the United States District Court
for the Eastern District of Louisianna
USDC No. 2:08-CV-1255

Before HIGGINBOTHAM, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This case arises from a Limitation of Liability Action (Limitation Action), instituted pursuant to the Shipowners' Limitation of Liability Act (the Act), 46 § U.S.C. 30505, et seq., by the owners of the M/V JILLIAN MORRISON, a vessel which exploded off the coast of Louisiana. Transcanada USA Services, Inc., (TransCanada), sought a declaratory judgment from the district court that Kestrel Engineering, Inc., (Kestrel) and Hartford Lloyds Insurance Company (Hartford) were obligated to defend and indemnify TransCanada against claims filed in the Limitation Action by Rickey and Darlene Richard. TransCanada also sought damages from Kestrel for breach of contract. The district court dismissed TransCanada's claims as premature, and TransCanada now appeals. Kestrel and Hartford cross-appeal. We agree that the proceedings by TransCanada were brought prematurely, and affirm the district court's dismissal without prejudice.

## FACTS AND PROCEEDINGS

In order to limit their liability for claims arising from the explosion aboard the M/V JILLIAN MORRISON, the vessel owners and operators, Jillian Morrison, LLC; Chet Morrison Diving, LLC; Chet Morrison Contractors, Inc.; Chet Morrison Services, LLC; and Chet Morrison Services, Inc.; (collectively, Chet Morrison) instituted the underlying Limitation Action.[1] In the Limitation Action, Rickey Richard, who was aboard the vessel at the time of the explosion, and his wife Darlene asserted a claim for personal injuries against Chet

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The Limitation of Liability Act was enacted by Congress to encourage the shipping industry by limiting vessel owners' liability in the event of disaster to the value of the vessel and pending freight. See 46 U.S.C. § 30511.

Morrison. The Richards also filed an Admiralty Complaint for Damages, which the district court consolidated with the Limitation Action (collectively, the Richard Claims). Chet Morrison subsequently tendered the Richard Claims to TransCanada pursuant to a Master Service Agreement ("MSA"), under which TransCanada had assumed defense and indemnity obligations to Chet Morrison. The Richard Claims were settled after a two-day bench trial.

TransCanada requested defense and indemnity from Kestrel, Rickey Richard's employer, pursuant to an Alliance Agreement between TransCanada and Kestrel. The Alliance Agreement contained an indemnity provision which, according to Transcanada, required Kestrel to defend and indemnify TransCanada against any claims brought by Kestrel's employees or growing out of Kestrel's negligence. TransCanada also claimed that the Alliance Agreement required Kestrel to name TransCanada as an additional insured under Kestrel's insurance policy with Hartford (the "Policy").

Kestrel in turn requested defense and indemnity from its insurer Hartford. TransCanada also demanded from Hartford insurance coverage pursuant to the terms of the Alliance Agreement. Hartford never responded to TransCanada's demand, but issued a "reservation of rights" letter to Kestrel, appointing counsel to defend Kestrel and reserving its rights under the Policy.

TransCanada then initiated the declaratory judgment action which forms the basis for this appeal, seeking a declaration from the district court that TransCanada was an additional insured under the Policy as required by the Alliance Agreement and that the Policy applied to the dispute. TransCanada also sought damages from Kestrel for breach of the Alliance Agreement. Hartford filed a motion to dismiss, arguing that, because the Richards had not named TransCanada as a defendant an underlying lawsuit, TransCanada's request for indemnity and declaratory judgment action were premature. The district court denied Hartford's motion, and the parties engaged in discovery.

At the close of discovery, Hartford and Kestrel each filed motions for summary judgment, Hartford arguing that the Policy did not cover TransCanada and Kestrel arguing that it did not breach its contractual obligation under the Alliance Agreement. TransCanada opposed both motions and filed a cross motion for partial summary judgment against Hartford and Kestrel, arguing again that it qualified as an additional insured under the Policy and that Kestrel had breached the Alliance Agreement by failing to defend and indemnify TransCanada against the Richard Claims.

The district court granted Kestrel's and Hartford's motions for summary judgment, denied TransCanada's motion for summary judgment, and dismissed TransCanada's claims without prejudice. The district court's order concluded that "TransCanada's claims against Kestrel and Hartford are premature" and that "TransCanada seeks this Court's advisory opinion on a hypothetical issue that may arise in the future." The district court stated that "[b]ecause there are no current claims asserted against TransCanada, this Court will not abstractly rule on the interpretation of TransCanada's agreements with Kestel [sic] and on the application of Hartford's policy." Dist. Ct. Order (Aug. 17, 2010).

TransCanada then filed a motion for reconsideration, requesting that the district court amend its order, which had expressly granted Hartford's and Kestrel's motions for summary judgment, to reflect that the district court had not actually considered the parties' contentions on the merits. TransCanada also requested reconsideration of whether its claims were actually premature. The district court granted TransCanada's motion and issued a second order affirming its prior decision that the claims were premature. The second order also stated that "TransCanada's claims have not been adjudicated on the merits" and that "Kestrel's and Hartford's Motions for Summary Judgment were previously granted only on the issue of Transcanada's [sic] claims' prematurity." Dist. Ct. Order (Oct. 7, 2010).

TransCanada filed a timely notice of appeal from the district court's August 17 order denying its motion for summary judgment and from the October 7 order granting its motion for reconsideration. Hartford and Kestrel also filed timely notices of cross appeal from both orders. Kestrel also filed a motion to dismiss this appeal for lack of jurisdiction, which was carried with the case.

## STANDARD OF REVIEW

The parties disagree over the proper standard of review based on their different reading of the procedural posture of the case and the district court's orders. See Tex. Clinical Labs, Inc. v. Sebelius, 612 F.3d 771, 774 (5th Cir. 2010) (reviewing a grant of summary judgment de novo); The Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 389 (5th Cir. 2003) (reviewing the dismissal of a declaratory judgment action for abuse of discretion). Because the district court's two orders amount to a jurisdictional decision on ripeness grounds that did not reach the merits, the appropriate standard of review is de novo. See American States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998) (reviewing a district court's ripeness determination de novo).

## DISCUSSION

We conclude that the district court's dismissal for lack of ripeness was proper despite the fact that none of the parties raised a ripeness argument in a summary judgment motion. See United Transp. Union v. Foster, 205 F.3d 851, 857 (5th Cir. 2000). "Since standing and ripeness are essential components of federal subject-matter jurisdiction, the lack of either can be raised at any time by a party or by the court." Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005) (per curriam). See also Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan, 883 F.2d 345, 348 (5th Cir.1989); Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994). "Although the Declaratory Judgment Act, 28 U.S.C. § 2201, is remedial in nature and is to be construed liberally to achieve its purposes, it is designed to permit adjudication of claims only where there is an actual case or

controversy and an adjudication would serve a useful purpose." Americas Ins. Co. v. Schlumberger Ltd., 111 F.3d 893, *1 (5th Cir. 1997) (unpublished) (citing Allstate Ins. Co. v. Employers Liability Assurance Corp., 445 F.2d 1278, 1280 (5th Cir. 1971)). A case is ripe when it is no longer "abstract or hypothetical," and the key considerations are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Id. (citing New Orleans Public Serv., Inc. v. Council of New Orleans, 833 F.2d 583, 586 (5th Cir. 1987)). "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." New Orleans Public Serv., 833 F.2d at 587 (citing Thomas v. Union Carbide Agric. Prod. Co., 473 U.S. 568, 581 (1985)).

Despite arguments to the contrary, there is undoubtedly further factual development that must take place before the case will be ripe for review by the district court. Because there are no claims by TransCanada yet, the court cannot determine the scope of indefinity between the parties. The crux of this case is the contracts and insurance agreements between the parties. This circuit uses the eight corner rule when determining the scope of indemnity under an insurance agreement—the four corners of the agreement, and the four corners of the complaint itself. See, e.g., Columbia Cas. Co. v. Georgia & Florida RailNet, Inc., 542 F.3d 106, 110-11 (5th Cir. 2008); Guaranty Nat'l Ins. Co. v. Azrock Indus., Inc., 211 F.3d 239, 243 (5th Cir. 2000) ("Under [the eight-corners rule], an insurer's duty to defend is determined by reference to the allegations in the pleadings and the language of the insurance policy only.") overruled on other grounds as recognized by OneBeacon Ins. Co. v. Don's Bldg Supply Inc., 552 F.3d 901, 903 (5th Cir. 2008) (per curiam); Arceneaux v. Amstar Corp., 66 So.3d 438, 450 (La. 2011) (explaining that, under Louisiana law, "[t]he insurer's duty to defend suits brought against its insured is determined by the allegations of the

injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage").

Despite the extensive discovery and depositions by the parties, there is still no complaint against TransCanada upon which the district court could have determined any indemnity obligations by Kestrel or Hartford. "[W]hereas the duty to defend is based upon the allegations in the pleadings, the duty to indemnify 'is triggered by the actual facts that establish liability in the underlying lawsuit.'" Columbia Cas. Co., 542 F.3d at 110-111 (5th Cir. 2008) (emphasis added) (quoting Guar Nat'l Ins. Co. v. Azrock Indus. Inc., 211 F.3d at 243).

While it is likely that if TransCanada does not obtain a declaratory judgment that it is covered by the Policy and in turn does not fulfill its obligations to Chet Morrison, Chet Morrison will file a lawsuit against TransCanada, that has not yet happened. TransCanada concedes that this sequence of events has not yet taken place and we therefore must reach the conclusion that the case is not ripe for review.

## CONCLUSION

We AFFIRM the district court's dismissal on ripeness grounds and DENY Kestrel's motion to dismiss the appeal for lack of jurisdiction.