PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DAVID YI,

　　　　　*Petitioner-Appellant,*

　　　　　v.

FEDERAL BUREAU OF PRISONS;
VANESSA P. ADAMS, Warden of FCI-
Petersburg,

　　　　　*Respondents-Appellees.*

No. 04-6891

THE OFFICE OF THE FEDERAL PUBLIC
DEFENDER,

　　　　　*Amicus Supporting Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-03-436)

Argued: March 18, 2005

Decided: June 17, 2005

Before WILLIAMS, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by published opinion. Judge Duncan wrote the opinion, in
which Judge Williams and Judge Motz joined.

## COUNSEL

**ARGUED:** Mark Owen Gabrielson, HOLLAND & KNIGHT, L.L.P.,
Seattle, Washington, for Appellant. Tara Louise Casey, Assistant

United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellees. Sarah Sargent Gannett, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Amicus Curiae. **ON BRIEF:** Christopher H. Howard, HOLLAND & KNIGHT, L.L.P., Seattle, Washington, for Appellant. Paul J. McNulty, United States Attorney, Alexandria, Virginia, for Appellees. James Wyda, Federal Public Defender, Baltimore, Maryland, for Amicus Curiae.

---

**OPINION**

DUNCAN, Circuit Judge:

David Yi appeals from the district court's order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Yi contends that he has earned more credit for "Good Conduct Time" than the Bureau of Prisons ("BOP") has awarded him under 18 U.S.C. § 3624, a federal law that authorizes the BOP to reduce sentences for good behavior. For the following reasons, we affirm.

I.

Under 18 U.S.C. § 3624, prisoners who "display[ ] exemplary compliance with institutional disciplinary regulations" may earn credit toward the service of their sentence. 18 U.S.C. § 3624(b)(1). Credit for good conduct time ("GCT") is subtracted from the prisoner's sentence, such that the prisoner becomes eligible for release before serving the full sentence imposed by the sentencing court. 18 U.S.C. § 3624(a). The statute delegates authority to the BOP to calculate and award GCT credits. In particular, subsection (b) provides that:

> [A] prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau

of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [I]f the Bureau determined that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six months of the sentence.

18 U.S.C. § 3624(b)(1).

Yi is currently serving a 151-month sentence for his role in a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C. § 1962. Yi has been incarcerated since November 21, 1994. Without credit for good behavior, he would be released upon the expiration of his sentence on June 22, 2007.

The BOP has determined, however, that Yi can earn a maximum of 592 days of credit against his sentence under 18 U.S.C. § 3624. The BOP arrives at this figure by awarding up to 54 days' GCT for each year the inmate serves in prison. For example, before this litigation commenced, Yi served more than eight years of his 151-month sentence. After each year in prison, Yi received a credit of 54 days toward the service of his sentence for good behavior. Consequently, after serving eight years of his sentence, Yi accumulated a total of 432 days' GCT. Barring any disciplinary action, the BOP projects that Yi will earn an additional 160 days' GCT as he serves out the remainder of his sentence.[1] Thus, the BOP expects to award Yi a total of 592 days' GCT under 18 U.S.C. § 3624. After subtracting the total amount of GCT that can be earned on his 151-month sentence, the

---

[1]The 160 days are computed as follows: Yi can earn a maximum of 108 days after serving his ninth and tenth year of imprisonment. In addition, he can earn a prorated amount of 52 days for the last portion of a year that he serves. As noted earlier, Yi will not serve the full 151 months of the sentence imposed; each annual GCT award reduces the amount of time that he will ultimately serve.

BOP has determined that Yi will become eligible for release on November 7, 2005.

The BOP's method of calculating GCT appears in BOP Program Statement 5880.28, which is part of the agency's Sentencing Computation Manual. The BOP has also promulgated a rule, pursuant to the notice and comment procedures of the Administrative Procedure Act, 5 U.S.C. § 553, setting forth its interpretation of the GCT statute. The rule states that "[p]ursuant to 18 U.S.C. § 3624(b), . . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served." 28 C.F.R. § 523.20.

Yi contends that the BOP's method of calculating GCT is contrary to the plain language of 18 U.S.C. § 3624. He argues that by using the phrase "term of imprisonment" in subsection (b), Congress intended that the agency award GCT based upon the length of the sentence imposed, not time actually served. Stated differently, Yi contends that "term of imprisonment" in subsection (b) means "sentence imposed," not "time served." Accordingly, Yi argues that the BOP must calculate GCT by multiplying his 151-month sentence by 54, which results in a maximum of 679 days[2] of credit and his release in August of 2005.

Importantly, under Yi's interpretation of 18 U.S.C. § 3624, he is not required to serve a full year before he can receive credit for good behavior. Yi contends that the statute's plain language entitles him to receive up to 54 days of credit *within* any given year of his sentence. Thus, in the first year of his sentence, if Yi exhibits good conduct for 311 days, he would receive 54 days of credit. On the other hand, the BOP awards credit when it determines that an inmate has demonstrated a full year of compliance with prison disciplinary regulations.[3]

---

[2]151 months/12 = 12.583 x 54 = 679 days' GCT.

[3]A prisoner may receive a *prorated* credit before serving a full year if the potential award of GCT credit would reduce his actual time served to less than a year. 28 C.F.R. § 523.20. For example, a prisoner serving a term of imprisonment of 366 days (the shortest term eligible for GCT under the statute) cannot wait until he has served a full year before receiving credit earned for good behavior. The credit due this inmate (54

Yi filed the instant habeas petition under 28 U.S.C. § 2241, asserting that the BOP calculates GCT in a manner that is contrary to 18 U.S.C. § 3624. The district court denied relief on the grounds that the plain language of the statute requires the computation of GCT on the basis of time actually served. In the alternative, the district court held that the BOP's construction of the statute was reasonable under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

Yi now appeals.

## II.

We review the district court's order denying Yi's habeas petition de novo. *Selgeka v. Carroll*, 184 F.3d 337, 342 (4th Cir. 1999). In *Chevron*, the Supreme Court established a two-step process to guide judicial review of an agency's interpretation of a statute. First, we must determine whether the plain language of the statute directly addresses the precise question before us. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43. However, if the statute is silent or ambiguous in expressing Congress' intent, we defer to the agency's reasonable construction of the statute. *Id.* at 843-44.

## A.

In this case, the precise question before us is whether GCT must be awarded based upon the length of a prisoner's sentence or his time actually served. Of course, "the first place we must look to see if Congress has spoken to the issue with which we are concerned and whether Congressional intent in that regard is clear is on the face of

---

days) would exceed the time remaining on his sentence of imprisonment (one day). Recognizing this, the statute authorizes the BOP to award a prorated credit of 47 days, reducing the inmate's actual time served to 319 days. *See Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1267-68 (9th Cir. 2001) (discussing practice of awarding prorated credit for service of less than a year).

the statute." *Kofa v. INS*, 60 F.3d 1084, 1088 (4th Cir. 1995) (en banc). In determining whether a statute is clear, we are guided "by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).

Yi contends that by directing the BOP to award "up to 54 days at the end of each year of the prisoner's *term of imprisonment*," Congress plainly intended that the agency calculate GCT based upon the sentence imposed, not time served. 18 U.S.C. § 3624(b)(1) (emphasis added). Significant to his argument is the fact that the phrase "term of imprisonment" appears three times within the first sentence of subsection (b):

> [A] prisoner who is serving a *term of imprisonment* of more than 1 year[,] other than a *term of imprisonment* for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's *term of imprisonment* . . . .

*Id.* (emphasis added).

Without question, the first two references to "term of imprisonment" in subsection (b) refer to the sentence imposed. The statute declares that the BOP may award credit only to prisoners serving a term of imprisonment of more than one year, with the exception of prisoners serving a life sentence. "In this part of the statute, 'term of imprisonment' must . . . refer to the sentence [imposed] because the Bureau has to determine whether a prisoner is eligible for the credit on the first day he arrives in prison." *White v. Scibana*, 390 F.3d 997, 1001 (7th Cir. 2004). Invoking the parallelism canon of statutory construction, Yi argues that a given term cannot change meanings within the same sentence. *See Brown v. Gardner*, 513 U.S. 115, 118 (1994) ("[T]here is a presumption that a given term is used to mean the same thing throughout a statute, a presumption surely at its most vigorous when a term is repeated within a given sentence . . . .") (citation omitted). Thus, Yi argues that "term of imprisonment" must also mean "sentence imposed" when it is used for the third time in 18 U.S.C. § 3624(b). Several district courts have agreed with this reasoning and

have held that the statute unambiguously requires the calculation of GCT based upon the sentence imposed. *See Moreland v. Fed. Bureau of Prisons*, 363 F. Supp. 2d 882, 886 (S.D. Texas 2005), *adopted by*, 2005 U.S. Dist. LEXIS 6010 (S.D. Tex. March 31, 2005); *Williams v. DeWalt*, 351 F. Supp. 2d 412, 418 (D. Md. 2004); *White v. Scibana*, 314 F. Supp. 2d 834, 841 (W.D. Wis. 2004), *rev'd*, 390 F.3d 997 (7th Cir. 2004).

We agree that Yi's construction of 18 U.S.C. § 3624(b) is plausible; however, we do not agree that the statutory language unambiguously compels this interpretation alone. In fact, no circuit court that has addressed this issue has concluded that Yi's interpretation of the statute is compelled by its text. *See White*, 390 F.3d at 1002 ("[I]t is impossible to make sense of 18 U.S.C. § 3624 while giving the phrase 'term of imprisonment' one meaning throughout."); *see also O'Donald v. Johns*, 402 F.3d 172, 174 (3d Cir. 2005) (per curiam) ("[I]t is unclear whether the phrase 'term of imprisonment,' as used several times in § 3624(b), refers to the sentence imposed or time served."); *Sample v. Morrison*, No. 04-40698, 2005 U.S. App. LEXIS 4708, at *6-7 (5th Cir. March 22, 2005) (per curiam) (rejecting, in dicta, contention that GCT statute requires computation of credit based upon "sentence imposed"); *Perez-Olivo v. Chavez*, 394 F.3d 45, 49 (1st Cir. 2005) ("term of imprisonment" in GCT statute is ambiguous); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1268 (9th Cir. 2001) (statutory language unclear concerning whether GCT must be awarded according to sentence imposed or time served).

For example, in *White*, the Seventh Circuit observed that interpreting "term of imprisonment" to mean "sentence imposed" in subsection (b) conflicts with the fundamental purpose of the statute, which is to award credit "at the end of each year" on account of the prisoner's good behavior "during that year." *White*, 390 F.3d at 1001. Specifically, the court explained that:

> The statute . . . establishes a process of awarding credit at the end of each year of imprisonment based on a review of the prisoner's behavior during that year, a process that would be undermined if "term of imprisonment" means "sentence imposed." This is because the accumulation of good-time credit reduces the amount of time a prisoner will

ultimately spend in prison, sometimes (as in White's case) by more than an entire year. The Bureau cannot evaluate a prisoner's behavior and award credit if the prisoner is not still in prison.

*Id.*

The problem with awarding credit for every year of the "sentence imposed" is illustrated in this case. After serving eight years of his 151-month sentence, Yi earned 432 days of GCT, reducing the time that he will ultimately serve in prison by more than a year. After subtracting 432 days from his sentence, Yi will serve *no portion* of the last year of his sentence imposed. Nevertheless, Yi contends that an inmate should receive GCT for every year (or partial year) of the sentence imposed. However, to award credit for time not served would conflict with Congress' intent that prisoners "earn" credit under the GCT statute by "display[ing] exemplary compliance with institutional disciplinary regulations" during the year. 18 U.S.C. § 3624(b); *see also Sample*, 2005 U.S. App. LEXIS 4708, at *3 ("[T]he statute makes clear that good time credit must be *earned* by a prisoner on an annual basis; it is not awarded in advance.") (emphasis added). An inmate who is not in prison cannot "earn" credit for compliance with prison disciplinary regulations.

Other courts have noted that the interpretation advanced by Yi would undermine the basic design of the statute. For example, the Third Circuit has observed that:

> To calculate GCT based on the sentence imposed would allow an inmate to earn GCT for time he was not actually incarcerated. This unseemly result would frustrate the process and militates against finding that the phrase "term of imprisonment" unambiguously refers to the sentence imposed.

*O'Donald*, 402 F.3d at 174 (internal citation omitted). As another court has explained:

> The statute awards GCT based upon BOP's determination that "during that year" the prisoner complied with institu-

tional disciplinary regulations. Such a directive requires that the prisoner has been incarcerated during that year so that his compliance may be measured. Therefore, granting GCT for years that will not be served is illogical, because compliance with disciplinary rules during those years is not possible.

*Pasciuti v. Drew*, No. 9:04-CV-043(LEK), 2004 U.S. Dist. LEXIS 10352, at \*17 (N.D.N.Y. June 2, 2004) (unpublished).

Similarly, the statute authorizes the BOP to award lesser credit, or none at all, if it determines that a prisoner has failed to comply with disciplinary regulations "during [the] year." 18 U.S.C. § 3624(b)(1). The statute therefore assumes that the prisoner has been incarcerated *during the year*, such that the BOP can determine that his less than satisfactory compliance with institutional regulations deserves less than the full amount of credit authorized under the statute.

For the same reason, Yi's interpretation of the GCT statute also conflicts with the mandate that "credit for the last year or portion of a year of the term of imprisonment *shall be prorated* . . . ." 18 U.S.C. § 3624(b)(1) (emphasis added). Again, the accumulation of good behavior credit often reduces the amount of time a prisoner serves by more than an entire year. Consequently, the prisoner is released *before* serving *any portion* of the last year of the sentence imposed by the sentencing court. Thus, if we accepted Yi's argument that "term of imprisonment" means "sentence imposed," it would become impossible to award prorated credit under the GCT statute without awarding credit for time not served. As we have already concluded, awarding credit for time not served would conflict with the fundamental design of the statute, which is to award credit "at the end of each year" on account of the prisoner's good behavior "during that year." *White*, 390 F.3d at 1001; 18 U.S.C. § 3624(b)(1). Similarly, a prisoner cannot "earn" a prorated credit for time not served. *Sample*, 2005 U.S. App. LEXIS 4708, at \*3.

Broadening our focus now to "the statute as a whole," *Robinson*, 519 U.S. at 341, we find that Congress clearly used the phrase "term of imprisonment" to mean "time served" in a different subsection of 18 U.S.C. § 3624. Specifically, subsection (d) provides that:

> Upon the release of a prisoner on the expiration of the pris-
> oner's term of imprisonment, the Bureau of Prisons shall
> furnish the prisoner with . . . suitable clothing[,] . . . an
> amount of money, not more than $500, . . . and . . . transpor-
> tation to the place of the prisoner's conviction . . . .

18 U.S.C. § 3624(d). As Yi interprets the statute, a prisoner would
receive these benefits at the end of the "sentence imposed," which is
obviously too late in the case of an inmate who (as a result of annual
GCT credits) has been released from prison before serving the full
sentence imposed. In Yi's case, the stipends would not be paid until
almost two years after his release. Clearly, Congress did not intend
this absurd result.

Accordingly, we agree with the courts that have found ambiguous
the phrase "term of imprisonment" as it is used in 18 U.S.C. § 3624
to describe how GCT is awarded. We acknowledge the strong pre-
sumption that identical terms used in the same sentence of a statute
carry the same meaning. *Brown*, 513 U.S. at 118. However, as the
Supreme Court has explained, the

> presumption is not rigid and readily yields whenever there
> is such variation in the connection in which the words are
> used as reasonably to warrant the conclusion that they were
> employed in different parts of the act with different intent.

*General Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 595 (2004)
(internal quotations omitted). As the preceding analysis demonstrates,
we believe that this is precisely the case with respect to the phrase
"term of imprisonment" in 18 U.S.C. § 3624(b).

### B.

Because the language of the statute is unclear, we may consult its
legislative history as a guide to congressional intent. *United States v.
Rast*, 293 F.3d 735, 737 (4th Cir. 2002) ("The confusing statutory lan-
guage allows us to look beyond the text for clues about congressional
intent."); *see also Bedrock Ltd., LLC v. United States*, 541 U.S. 176,
187 n.8 (2004) (noting that "longstanding precedents . . . permit resort

to legislative history only when necessary to interpret ambiguous statutory text.").

Principally, Yi argues that we must read 18 U.S.C. § 3624(b) to require the computation of GCT based on the "sentence imposed" because the prior version of the statute calculated GCT in this manner. Under 18 U.S.C. § 4161 (repealed), a model prisoner could serve less time by earning credit for good behavior against "the term of his sentence." 18 U.S.C. § 4161 (repealed). In relevant part, this law provided that:

> Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence[,] beginning with the day on which the sentence commences to run . . . .

*Id.* In 1984, Congress repealed 18 U.S.C. § 4161 and codified the current GCT statute as part of the Comprehensive Crime Control Act. *See* Pub. L. No. 98-473, 98 Stat. 1976 (1984). Yi contends that nothing in the language of the new statute or its legislative history suggests that Congress intended to change the previous practice of awarding GCT based upon the sentence imposed.

We disagree. Although Congress was mainly concerned with simplifying the computation of GCT under the prior statute,[4] the new law ended the practice of awarding credit "beginning on the day on which the sentence commences to run[.]" 18 U.S.C. § 4161 (repealed). In the current statute, Congress directs the BOP to award credit "beginning *at the end of the first year* of the term[.]" 18 U.S.C. § 3624(b)(1) (emphasis added). This revision of the statute is consistent with the

---

[4]The previous system authorized different rates of GCT—five, six, seven, eight, or ten days—depending upon the length of the sentence imposed. 18 U.S.C. § 4161 (repealed). "An overarching purpose of the new GCT statute was to make the computation of credit toward early release pursuant to section 3624(b) considerably less complicated than under [prior] law." *Perez-Olivo*, 394 F.3d at 50 (quotations omitted).

view, contrary to that advanced by Yi, that Congress intended to replace the practice of computing GCT according to the sentence imposed with a system that rewards inmates retrospectively "at the end of each year" for compliance with disciplinary regulations "during that year." 18 U.S.C. § 3624(b)(1). At best, the statute remains unclear as to whether GCT should be awarded based upon time served or the sentence imposed. Accordingly, we agree with the courts that have held that the legislative history of the GCT statute does not resolve the ambiguity in 18 U.S.C. § 3624(b). *Perez-Olivo*, 394 F.3d at 50 ("[T]he legislative history of the GCT statute . . . does not indicate any congressional intent to calculate GCT based on 'time served' or 'sentence imposed.'"); *Pacheco-Camacho*, 272 F.3d at 1269-70 (legislative history of GCT statute does not remove ambiguity).

C.

Having found that "term of imprisonment" in 18 U.S.C. § 3624(b) is ambiguous, we must determine whether the BOP's interpretation of the statute is reasonable and therefore entitled to deference. *Chevron*, 467 U.S. at 843-44.[5] In so doing, we "may not substitute [our] own construction of [the] statutory provision for a reasonable interpretation made by the [BOP]." *Id.* at 844. Instead, we must uphold the agency's interpretation if it is "rational and consistent with the statute." *NLRB v. United Food & Commercial Workers Union Local 23*, 484 U.S. 112, 123 (1987).

We conclude that the BOP has reasonably interpreted the statute so as to require the calculation of GCT based upon the inmate's time

---

[5]"A precondition to deference under *Chevron* is a congressional delegation of administrative authority." *Adams Fruit Co. v. Barrett*, 494 U.S. 638, 649 (1990). The BOP's construction of the statute, which appears in Program Statement 5880.28 and 28 C.F.R. § 523.20, "falls within the implied statutory authority of the BOP." *Pacheco-Camacho*, 272 F.3d at 1270; *see also White*, 390 F.3d at 1001 ("The Bureau's discretion to resolve ambiguities in the good-time statute is implicit in its statutory authority to determine and award good time and to release prisoners when their sentences, as adjusted by the Bureau for good time credit, have expired.").

served. The view that a prisoner should accrue 54 days of credit for each 365 days of good behavior is consistent with Congress' mandate that the BOP reward a prisoner "at the end of each year" for good behavior demonstrated "during that year." 18 U.S.C. § 3624(b)(1). This language reflects "a clear congressional directive that the BOP look retroactively at a prisoner's conduct over the prior year, which makes it reasonable for the BOP only to award GCT for time served." *Perez-Olivo*, 394 F.3d at 53. Accordingly, we defer to the BOP's reasonable construction of 18 U.S.C. § 3624(b). *Chevron*, 467 U.S. at 843-44.

D.

Lastly, we consider Yi's argument that the rule of lenity should apply to resolve the ambiguity in 18 U.S.C. § 3624(b) in his favor. We conclude that it should not.

The rule of lenity holds that "where there is ambiguity in a criminal statute,[6] doubts are resolved in favor of the defendant." *United States v. Bass*, 404 U.S. 336, 348 (1971). The rule applies "not only to resolve issues about the substantive scope of criminal statutes, but to answer questions about the severity of sentencing." *United States v. R.L.C.*, 503 U.S. 291, 305 (1992). "The rule of lenity is premised on two ideas: First, a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed; second, legislatures and not courts should define criminal activity." *Babbitt v. Sweet Home Chapter of Cmtys.*, 515 U.S. 687, 704 n.18 (1995) (internal quotations omitted). Yi argues that, in light of these principles, we should read 18 U.S.C. § 3624 to require that the BOP calculate GCT according to the sentence imposed.

We need not resort to the rule of lenity in this case for two reasons. First, BOP Program Statement 5880.28 and 28 C.F.R. § 523.20 provide the public with sufficient notice that GCT shall be awarded

---

[6]We assume, without deciding, that 18 U.S.C. § 3624 is a "criminal statute" in whose context the rule is properly invoked. *See Perez-Olivo*, 394 F.3d at 53 (expressing doubt concerning whether federal GCT law is a "criminal" statute that invokes the rule of lenity).

based upon time actually served. Thus, while the language of the statute is ambiguous, the Program Statement and the regulation "give[ ] the public sufficient warning to ensure that nobody mistakes the ambit of the law or its penalties." *Pacheco-Camacho*, 272 F.3d at 1272; *see also Perez-Olivo*, 394 F.3d at 53-54 (holding that rule of lenity does not apply); *O'Donald*, 402 F.3d at 174 (same). Second, 18 U.S.C. § 3624 is a statute that Congress has charged the BOP to administer. Rather than apply a presumption of lenity to resolve the ambiguity, *Chevron* requires that we *defer* to the agency's reasonable construction of the statute. "Chevron deference is a tool of statutory construction whereby courts are instructed to defer to the reasonable interpretations of expert agencies charged by Congress to fill any gap left, implicitly or explicitly, in the statutes they administer." *America Online, Inc. v. AT&T Corp.*, 243 F.3d 812, 817 (4th Cir. 2001) (internal quotations and emphasis omitted). As one court has explained:

> [D]eference trumps lenity when courts are called upon to resolve disputes about ambiguous statutory language, at least where the agency interpreting the criminal statute is: (1) responsible for administering the statute; and (2) that agency has promulgated its interpretation pursuant to the notice and comment provisions of the Administrative Procedure Act.

*Sash v. Zenk*, 344 F. Supp. 2d 376, 383 (E.D.N.Y. 2004). Thus, the rule of lenity does not require that we adopt Yi's interpretation of 18 U.S.C. § 3624(b).

Accordingly, the district court's order dismissing Yi's petition for a writ of habeas corpus is

*AFFIRMED.*