**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-7210**

———————————

DWIGHT AVON MAJOR,

             Petitioner – Appellant,

        v.

WARDEN CRAIG APKER,

             Respondent – Appellee,

        and

WARDEN SARA M. REVELL; ERIC HOLDER.; CHARLES E. SAMUELS,

             Respondents.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:12-hc-02098-D)

———————————

Submitted:  December 17, 2013          Decided:  June 27, 2014

———————————

Before KING, DIAZ, and FLOYD, Circuit Judges.

———————————

Affirmed in part, vacated in part, and remanded with instructions by unpublished per curiam opinion.

———————————

Dwight Avon Major, Appellant Pro Se. Michael Bredenberg, FEDERAL MEDICAL CENTER, Butner, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwight Avon Major appeals from the district court's order denying his 28 U.S.C. § 2241 (2012) petition seeking credit towards his federal sentence for time spent in Bahamian prison prior to his conviction. The Bureau of Prisons ("BOP") and the district court denied Major's request, finding that the time period in question had already been applied to a Bahamian conviction. We affirm in part, vacate in part, and remand with instructions.

In 2001, Major was sentenced in the Commonwealth of the Bahamas to two years' imprisonment for possession of drugs with the intent to distribute. In 2003, while still in custody, Major was sentenced in the Bahamas to a two-year term of imprisonment for making threats and obstructing justice. Those sentences ran concurrently and expired on September 28, 2004.[1] On May 21, 2003, while in Bahamian custody, Major was convicted in the Bahamas of conspiracy to import cocaine. However, the Bahamian court did not impose a sentence on this third conviction until November 2007.

On June 3, 2003, a grand jury in the Southern District of Florida indicted Major on drug charges. On July 19, the

_____

[1] As with many dates in the record, the date fluctuates from filing to filing.

2

Bahamian police executed a warrant from the United States for Major's arrest. The United States also commenced extradition proceedings, which Major vigorously contested in the Bahamas for several years.

On July 30, 2004, the Bahamian courts issued an extradition warrant. On November 7, 2007, the Bahamian court sentenced Major on his third conviction to five years in prison, retroactive to October 11, 2003. On the same date, Major appealed his third conviction and sentence in the Bahamian courts, which had the effect of suspending the execution of the decision. The Court of Appeal has not ruled on Major's appeal of his third conviction. Major was extradited on April 18, 2008.

On October 10, 2008, Major pled guilty in the Southern District of Florida to a drug conspiracy charge. He subsequently was sentenced to 108 months in prison with "credit for time served in the Bahamas while awaiting extradition." The BOP then calculated a release date in 2011. However, in 2011, after making inquiries as to Major's legal status between 2004 and 2008, the BOP determined that Major was in the primary custody of the Bahamas at that time and recalculated his release date as May 4, 2016.

Major filed a grievance with the BOP seeking credit towards his sentence from June 19, 2003[2] (the date on which he was arrested) to April 18, 2008 (the date he was removed from the Bahamas). He averred that the BOP had relied on incorrect information from Bahamian officials. In support of Major's grievance, his lawyer obtained a letter from the Bahamian Deputy Superintendent of Prisons dated October 11, 2011, stating that Major was remanded to prison on June 23, 2003, pursuant to the extradition request and that Major was not, at that time, a custodial inmate serving a term of imprisonment.

The warden denied Major's grievance, ruling that the Designation and Sentence Computation Center had not yet reviewed and verified the October 11, 2011 letter. Major appealed, and his request for relief was denied at the regional level. Specifically, the Administrator found that Major's time spent in Bahamian custody was credited to his Bahamian sentences.

Major appealed to the Central Office, providing a letter dated November 18, 2011, from the Bahamian Records Department, showing that Major had appealed his third Bahamian conviction, and that the appeal was still pending. As such, the official concluded that Major's service of a Bahamian sentence

---

[2] Major actually states that he was arrested on June 23.

concluded on March 16, 2003,[3] and, therefore, Major was in prison solely for the purpose of awaiting extradition from March 16, 2003, until April 18, 2008. The Central Office denied the appeal, ruling that Major's time in prison was credited to his Bahamian sentences and, thus, could not be credited to his federal sentence.

Major then filed the instant § 2241 petition. In a supplement, he submitted a decision by the Supreme Court of the Bahamas regarding Major's request for a declaratory judgment that, from July 19, 2003, until April 18, 2008, Major was in Bahamian custody solely pursuant to the extradition warrant and not as a sentenced inmate. The Supreme Court ruled that Major's first two Bahamian sentences expired in September 2004. From that date until April 18, 2008, Major was a "remand prisoner" regarding both the extradition proceedings and his pending appeal. The Court further noted that, had Major been in prison solely awaiting appeal, he would have been entitled to bail; however, Major was not permitted bail based on the extradition proceedings.

---

[3] Major avers that this date is a typographical error and should be May 10, 2003. It is not clear, however, why the correct date was not in September 2004 when Major's first two Bahamian sentences expired.

5

The Government filed a motion to dismiss, arguing that Major could not receive the credit he requested because the time period in question "has been, or is presumed to be, applied to his Bahamian sentence." The Government splits the credit requested in two parts: (1) from June 19, 2003, to September 16, 2004, which was credited towards Major's first two Bahamian convictions, and (2) from September 16, 2004, to April 18, 2008, which has not yet been credited to a Bahamian sentence, as his third Bahamian sentence remains on appeal. However, the Government argued that the BOP properly determined, pursuant to its policies, that this time period will presumably be applied to service of Major's third sentence. The Government further asserted that, pursuant to Bahamian law, the time spent in custody awaiting appeal "shall be included in computing the term of the sentence."

In response, Major argued that the relevant statute, 18 U.S.C. § 3585(b) (2012), dictates that a prisoner is entitled to prior custody credit so long as his time "has not been credited" against another sentence.[4] Major argued that, to date,

---

[4] The statute further provides that the prior incarceration had to be served "as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). Here, there is some question as to whether Major's incarceration could be viewed as a result of his pending Bahamian appeal as well as, or instead of, of the extradition offenses. Although both parties
(Continued)

6

his prison time has not been credited to any sentence, and accordingly, he should be given federal credit for his prison time in accordance with the plea agreement and the criminal judgment. Major also submitted a letter from Keod Smith, his Bahamian lawyer, opining that Major is entitled to an acquittal regarding his third Bahamian conviction because the Bahamian Government's support of the extradition was tantamount to withdrawal of the charges. As such, Smith concludes that Major will not be subject to incarceration on his third conviction.

The district court denied Major's petition. The court ruled that credit for the time period between September 28, 2004, and April 18, 2008, "had already been applied to his third Bahamian conviction." The court also ruled that it was without authority to award such credit in the first instance; instead, the Attorney General, through the Bureau of Prisons, was authorized to compute credit due. Major timely appealed.

We review the district court's order denying a § 2241 petition filed by a federal inmate de novo. <u>Yi v. Fed. Bureau of Prisons</u>, 412 F.3d 526, 530 (4th Cir. 2005). The BOP's determination is reviewed for an abuse of discretion. <u>Barden v. Keohane</u>, 921 F.2d 476, 478 (3d Cir. 1990).

argued this issue in the district court, the court did not address it and neither did the BOP.

7

First, we note that there appears to be no real dispute regarding the time period prior to September 28, 2004.[5] Major's Bahamian incarceration prior to that date was clearly credited to his first two Bahamian convictions, and he does not appear to argue otherwise on appeal. Accordingly, to the extent the district court's order denied Major's request for credit prior to September 28, 2004, we affirm the court's judgment.

However, with regard to the time period between September 28, 2004, and April 18, 2008, we conclude that the district court's order was in error. The court ruled that this period of time was credited to Major's third Bahamian conviction. However, the court does not cite any facts or law to support this conclusion. In fact, the record and the Government (in its motion to dismiss) agree that the time period between September 2004 and April 2008 has not yet been credited to Major's third sentence. This sentence is still pending on appeal, and the parties do not dispute that, under Bahamian law, the sentence is suspended pending a decision on the appeal.

---

[5] The actual September date fluctuates a bit in the record and filings. However, Major relies on the September 28, 2004 date in his informal brief, and his failure to pursue any prior dates constitutes a waiver of the argument that he was entitled to any credit prior to September 28, 2004. See 4th Cir. R. 34(b).

8

The district court also concluded that the court was without authority to grant credit, as such discretion lay with the Attorney General. It is true that a district court has no power to give credit for time served and that that authority rests solely with the BOP. See United States v. Wilson, 503 U.S. 329, 334-35 (1992). However, a district court may review under § 2241 the BOP's ruling on an inmate's request for presentence credit. See Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999); United States v. Koller, 956 F.2d 1408, 1417 (7th Cir. 1992). Here, Major properly exhausted his administrative remedies, and the district court's conclusion that it was without authority to grant him relief is in error.

Turning to the issue of whether the BOP abused its discretion, the BOP also concluded that the time period in question was credited to Major's Bahamian sentence. Because the record reveals that Major was detained for nearly four years in a Bahamian prison and that the time period has not yet been credited to a Bahamian sentence, we conclude that the BOP's conclusions to the contrary are an abuse of discretion.

The relevant statute provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or

9

        (2) as a result of any other charge for which the
        defendant was arrested after the commission of the
        offense for which the sentence was imposed;

        that has not been credited against another sentence.

18 U.S.C. § 3585(b). While the BOP and the district court concluded that Major was given credit towards his third Bahamian sentence, the Government admits and the record clearly shows that such credit has not yet been given. While credit may be granted by the Bahamian court at some future time if Major's appeal is heard and rejected, the statute's mandatory language requires credit for certain time spent in prison (satisfying the statutory language) that "has not been credited against another sentence." See Wilson, 503 U.S. at 333 ("Congress' use of a verb tense is significant in construing [§ 3585(b)].").

        While exercising its broad discretion, the BOP upon reconsideration may conclude that Major is not entitled to credit under § 3585(b) for one of any number of reasons. However, neither the BOP nor the district court addressed the effect of the suspension of the third Bahamian sentence, and both instead incorrectly concluded that credit had already been applied to that sentence. In so doing, neither the BOP nor the district court examined or analyzed the letters from the Bahamian officials or the Bahamian court order which described relevant Bahamian law. Moreover, the district court did not

                                10

address Major's attorney's contentions regarding the lack of probability that he would be required to serve a sentence on his third Bahamian conviction.

Accordingly, we grant leave to proceed in forma pauperis and vacate the district court's order with regard to the time period between September 28, 2004, and April 18, 2008, and remand with instructions for the court to enter an order directing the BOP to reconsider Major's request for sentencing credit, taking into account Bahamian law regarding suspension of a sentence pending appeal and the Government's concession in its motion to dismiss that the time period between September 2004 and April 2008 "has not yet been credited to another sentence." The remainder of the district court's order is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED WITH INSTRUCTIONS

11