**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6349**

THOMAS MONIQUE BRADDY, JR.,

            Petitioner - Appellant,

      v.

WARDEN WILSON, Warden, FCC Petersburg,

            Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, Chief District Judge.  (2:13-cv-00475-RBS-LRL)

Submitted:  June 27, 2014           Decided:  July 30, 2014

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas Monique Braddy, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Monique Braddy, Jr., filed a 28 U.S.C. § 2241 (2012) petition alleging that the conditions of his confinement violate the government's obligations under his plea agreement, pursuant to which he pleaded guilty to bank fraud, 18 U.S.C. § 1349 (2012), aggravated identity theft, 18 U.S.C. § 1028A (2012), and money laundering, 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i) (2012). Braddy appeals the district court's order dismissing the action with prejudice under § 2241 but without prejudice to his right to file an action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

We review de novo a district court's order denying a federal inmate's § 2241 petition. Yi v. Fed. Bureau of Prisons, 412 F.3d 526, 530 (4th Cir. 2005). Pursuant to § 2241, a prisoner may petition for a writ of habeas corpus if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Because Braddy's petition alleged constitutional violations regarding only the conditions of his confinement and did not challenge the fact or duration of his sentence, his claims are more properly brought in an action pursuant to Bivens. See Preiser v. Rodriguez, 411 U.S. 475, 488 (1973) (recognizing habeas as proper remedy for attacking fact or length of confinement); Strader v. Troy, 571

2

F.2d 1263, 1269 (4th Cir. 1978) (concluding that because petitioner did "not assert that he [was] entitled to parole and should be released," the "claim for relief must be treated as a suit under . . . [42 U.S.C.] § 1983 [(2012)].").

Therefore, although we grant leave to proceed in forma pauperis, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>