**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-6525**

———————

FELIPE RAMIREZ,

        Petitioner - Appellant,

    v.

ANDREW MANSUKHANI, Warden,

        Respondent - Appellee.

———————

Appeal from the United States District Court for the District of South Carolina, at Aiken.   Bruce H. Hendricks, District Judge. (1:14-cv-01765-BHH)

———————

Submitted:  September 29, 2015     Decided:  October 16, 2015

———————

Before NIEMEYER and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Felipe Ramirez, Appellant Pro Se.   Marshall Prince, II, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felipe Ramirez, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2241 (2012) petition. We have reviewed the record and find no reversible error.

We review de novo a district court's order denying relief on a prisoner's § 2241 petition alleging that the Federal Bureau of Prisons (BOP) miscalculated his sentence. Yi v. Fed. Bureau of Prisons, 412 F.3d 526, 530 (4th Cir. 2005). First, Ramirez alleges that 18 U.S.C. § 3585(b) (2012) entitles him to credit for time served between the imposition of his state sentence and his federal sentence. Under that statute,

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added). Because the time Ramirez served between the imposition of the two sentences was credited toward the service of his state sentence — a sentence for an offense involving the same underlying conduct as his federal conviction — Ramirez was not entitled to credit under § 3585(b).

Second, Ramirez argues that the sentencing court imposed a federal sentence concurrent to the entirety of his state

2

sentence. In its oral pronouncement of sentence, the sentencing court stated that Ramirez's federal sentence was "to run concurrent to the discharged undischarged term of imprisonment [in Ramirez's state case]." The court's written judgment states that Ramirez's federal sentence was "to run concurrent with the undischarged term of imprisonment [in Ramirez's state case]."

"It is normally the rule that where a conflict exists between an orally pronounced sentence and the written judgment, the oral sentence will control." United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003). However, if the oral pronouncement is ambiguous, then a reviewing court looks to the written judgment to resolve the ambiguity. Id. Here, an ambiguity exists in the sentencing court's use of the phrase "discharged undischarged term of imprisonment" in its oral pronouncement. Accordingly, we resort to the written judgment to resolve the ambiguity and conclude that the sentencing court intended to run Ramirez's federal sentence concurrent only to the undischarged portion of his state sentence. Thus, the BOP properly calculated Ramirez's sentence and his release date.[*]

---

[*] For the first time on appeal, Ramirez argues that his sentence violates U.S. Sentencing Guidelines Manual § 5G1.3 (2010). This argument, to the extent it is cognizable through § 2241, see United States v. Surratt, 797 F.3d 240, 247 (4th Cir. 2015), is waived because Ramirez did not present it to the district court. See In re Under Seal, 749 F.3d 276, 285 (4th Cir. 2014) ("Our settled rule is simple: absent exceptional (Continued)

3

Therefore, although we grant leave to proceed in forma pauperis, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

circumstances, we do not consider issues raised for the first time on appeal." (alterations and internal quotation marks omitted)).