**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-6123

MICHAEL KENTA DAVIS,

Petitioner - Appellant,

v.

JUSTIN ANDREWS, Warden,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:17-hc-02047-BR)

Submitted:  June 7, 2018                     Decided:  June 25, 2018

Before KING and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael Kenta Davis, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Kenta Davis, a federal prisoner, appeals the district court's order dismissing his 28 U.S.C. § 2241 (2012) petition without prejudice for lack of jurisdiction. We review de novo whether a prisoner may bring a challenge pursuant to § 2241. *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 530 (4th Cir. 2005). Generally, federal prisoners "are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255 [(2012)]." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A federal prisoner may, however, file a § 2241 petition challenging his conviction if § 2255 is "inadequate or ineffective to test the legality of [his] detention." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (internal quotation marks omitted); *see* 28 U.S.C. § 2255(e) (2012). Section 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

In his § 2241 petition, Davis sought to challenge his career offender designation based on *Mathis v. United States*, 136 S. Ct. 2243 (2016). However, *Mathis* merely clarified when a court must apply the categorical approach, rather than the modified categorical approach, in determining the nature of a prior conviction, and did not effect a

2

change in the law. *Muhammad v. Wilson*, 715 F. App'x 251, 252 (4th Cir. 2017) (No. 14-7735) ("*Mathis* did not announce a substantive change to the law."). Davis, therefore, cannot bring this challenge in a § 2241 petition.

Accordingly, although we grant leave to proceed in forma pauperis, we affirm the district court's order and deny Davis' motion to assign counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*