**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6174**

WARNER B. CRIDER,

                Petitioner - Appellant,

    v.

S. KALLIS, Warden,

                Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, District Judge.  (2:17-cv-00075-JPB)

Submitted:  June 18, 2018                     Decided:  June 26, 2018

Before NIEMEYER, DUNCAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Warner B. Crider, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Warner B. Crider, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and dismissing his 28 U.S.C. § 2241 (2012) petition without prejudice for lack of jurisdiction. We review de novo whether a prisoner may bring a challenge pursuant to § 2241. *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 530 (4th Cir. 2005). Generally, federal prisoners "are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255 [2012]." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A federal prisoner may, however, file a § 2241 petition challenging his conviction if § 2255 is "inadequate or ineffective to test the legality of [his] detention." *In re Jones*, 226 F.3d 328, 334 (4th Cir. 2000) (internal quotation marks omitted); *see* 28 U.S.C. § 2255(e) (2012). Section 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

In his § 2241 petition, Crider argues that, after *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior state conviction did not qualify as a felony drug offense and therefore he was erroneously subjected to an enhanced statutory sentence. However, *Mathis* merely

2

clarified when a court must apply the categorical approach, rather than the modified categorical approach, in determining the nature of a prior conviction and did not effect a change in the law. *Muhammad v. Wilson*, 715 F. App'x 251, 252 (4th Cir. 2017) (No. 14-7735) ("*Mathis* did not announce a substantive change to the law."). Crider, therefore, cannot bring this challenge in a § 2241 petition.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*