**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 17-7404

MARCELLUS RAYNARD BROOKS,

        Petitioner - Appellant,

    v.

WARDEN TRAVIS BRAGG,

        Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Richard Mark Gergel, District Judge. (5:17-cv-01674-RMG)

Submitted: August 23, 2018                Decided: August 27, 2018

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

Marcellus Raynard Brooks, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcellus Raynard Brooks, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and dismissing his 28 U.S.C. § 2241 (2012) petition challenging his 210-month sentence for being a felon in possession of a firearm. We review de novo whether a prisoner may bring a challenge pursuant to § 2241. *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 530 (4th Cir. 2005). Generally, federal prisoners "are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A federal prisoner may, however, file a § 2241 petition challenging his conviction if § 2255 is "inadequate or ineffective to test the legality of [his] detention." *In re Jones*, 226 F.3d 328, 334 (4th Cir. 2000); *see* 28 U.S.C. § 2255(e) (2012). Brooks challenges only his sentence. Section 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).[*]

---

[*] The district court did not have the benefit of our decision in *Wheeler*, which issued after the court dismissed Brooks' § 2241 petition.

In his § 2241 petition, Brooks argued that, after *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States,* 570 U.S. 254 (2013), his prior state convictions do not qualify as serious drug offenses and therefore he was erroneously subjected to an enhanced statutory minimum sentence as an armed career criminal, 18 U.S.C. § 924(e) (2012).

However, *Descamps* and *Mathis* did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements. *See Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); *Descamps*, 570 U.S. at 260 (noting that Court's prior case law explaining categorical approach "all but resolves this case"); *United States v. Royal*, 731 F.3d 333, 340 (4th Cir. 2013) ("In *Descamps*, the Supreme Court recently clarified whe[n] courts may apply the modified categorical approach").

Because Brooks' § 2241 petition does not rely on a retroactively applicable change in substantive law subsequent to his direct appeal and first § 2255 motion, he cannot satisfy the requirements of *Wheeler*. Accordingly, although we grant leave to proceed in forma pauperis, we affirm the district court's order dismissing Brooks § 2241 petition, modifying its dismissal to be without prejudice because it lacked jurisdiction to consider the § 2241 petition. *Wheeler*, 886 F.3d at 426 (holding requirements of the savings clause of § 2255(e), are jurisdictional). We dispense with oral argument because the facts

3

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*