**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6732**

JAMES KIRBY BURKS, JR.,

        Petitioner - Appellant,

    v.

TIMOTHY S. STEWART,

        Respondent - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:18-cv-00577-TDC)

Submitted: December 21, 2018               Decided: January 7, 2019

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James K. Burks, Jr., Appellant, Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James K. Burks, Jr., a federal prisoner, appeals the district court's order denying relief on his 28 U.S.C. § 2241 (2012) petition in which he sought to challenge the application of certain sentencing enhancements. We review de novo whether a prisoner may bring a challenge pursuant to § 2241. *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 530 (4th Cir. 2005). Generally, federal prisoners "are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255 [2012]." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A federal prisoner may, however, file a § 2241 petition challenging his conviction if § 2255 is "inadequate or ineffective to test the legality of [his] detention." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (internal quotation marks omitted); *see* 28 U.S.C. § 2255(e) (2012). Section 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). We conclude that Burks does not meet this standard. Accordingly, although we grant leave to proceed in forma pauperis, we affirm the district court's decision. We dispense with oral argument

2

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*